CROCKER *vs.* SPENCER.

A cooking stove is not an article of ornament or luxury, but is an article of household furniture, necessary for upholding life, within the meaning of the statute, exempting certain articles of personal property from attachment and execution.

THIS was a writ of error brought to reverse a judgment rendered by the County Court for the County of Rutland, in an action of trespass brought by Crocker *v.* Spencer for taking a cooking stove and pipe, the property of Crocker.

To which Spencer in the Court below pleaded, That the plaintiff, from having and maintaining his said action thereof against him the defendant, ought to be barred, because he says that one Daniel Roberts, heretofore to wit, at Wallingford aforesaid, on the 7th day of October, 1822, prayed out a writ of execution in due form of law, from the office of Eliakim H. Johnson, Justice of the Peace for Rutland County, dated the day and year last aforesaid, for the sum $43 55 damages, and $1 62 costs of suit, and 25 cents for said writ of execution, signed by said Eliakim H. Johnson, Justice of the Peace, and made returnable within 60 days from date thereof, which said writ of execution, afterwards to wit, on the 29th day of October, 1822, at Clarendon aforesaid, the same then being in full life, was delivered to the defendant, then a Deputy Sheriff under J. Dike, Jr. Sheriff, to be by him, the Deputy, duly executed. And the defendant further says, that afterwards to wit, at Clarendon aforesaid, on the 29th day of October, 1822, he levied said writ of execution upon and took the said cooking stove and pipe, in said Clarendon, as the proper goods and chattels of the plaintiff, to satisfy said execution and his legal fees thereon, and then and there legally advertised the same to be sold at public vendue, on the 9th day of November, 1822, at the dwelling-house of the plaintiff in Clarendon aforesaid—the said execution and the officer's fees thereon not being paid and satisfied to the defendant, he afterwards, to wit, on the 9th day of November, 1822, at Clarendon aforesaid, according to the advertisement, sold said cooking stove and pipe at public vendue, to R. Marsh, he being the highest bidder, for the sum of $16. And the money arising from such sale he applied in part satisfaction of said execution and his legal fees thereon, as he

*Rutland,*
*February,*
1825.

Crocker
*vs.*
Spencer.

lawfully might do, and which is the same supposed trespass in the plaintiff's declaration mentioned, of which the plaintiff hath complained against him, and this he is ready to verify : Whereupon he prays judgment and for his costs.

To which plea the plaintiff replied, That for any thing therein contained he ought not to be barred, because he says, the defendant, on the day and year mentioned in the plaintiff's declaration, at Clarendon aforesaid, seized, took and carried away said stove, then and there being in possession and use of the plaintiff, to wit, at Clarendon, on the same 9th day of November, 1822, and which said stove was then and there in the dwelling-house of the plaintiff, and ever had been, and there was in actual use of the plaintiff as his property, and a necessary article of household furniture for the upholding of life : And he also avers that the same was not turned out by the plaintiff to the defendant to satisfy said execution.

To which the defendant rejoined, That the plaintiff ought not for any thing therein contained, to have and maintain his action aforesaid thereof against the defendant, because he says that the plaintiff, at the time, and long before the time of the alleged trespass in the plaintiff's declaration mentioned, lived and resided in a certain dwelling-house in Clarendon, in which was a chimney and fire-place, and oven, and that the plaintiff had at that time and was the owner of all the necessary utensils for cooking.

To which rejoinder there was a general demurrer in the Court below, and judgment for the defendant—to reverse which, the plaintiff brought this writ of error.

*Strong* for the plaintiff.

*Page* for the defendant.

AIKENS J. delivered the opinion of the Court.

The expressions in the statute, descriptive of the property of debtors, exempt from attachment and execution, are to be understood in a qualified sense. Without such construction, no tools, arms, or articles of household furniture would be exempted ; for none of these can be said to be absolutely " necessary for upholding life," as people may subsist without them.

It becomes the duty of the Court, then, to define what the *neces-*

9

*Rutland*,
February,
1825.

Crocker
*vs*
Spencer.

*sity* for the article is, which the Legislature contemplated should entitle a debtor to hold it against the process of his creditor. And in doing this, we think we cannot better interpret the language of the Legislature, than by saying it is *that necessity* which originally induced the possessor to purchase the article for actual domestic use. A man's real estate, his stock, his horses and carriages, are the usual attendants of wealth, and tend to give him a credit abroad. It is not so with the humble implements of his kitchen. No creditor looks to these for an indemnity, when he gives a credit, and no house-holder purchases them and puts them into use, but from a consciousness of their necessity. Their decay, in use, is so rapid, that there is little danger of any man's investing more property in them, than his necessities seem to him to require. Besides, an invasion of the domestic board, for the purpose of seizing upon articles in ordinary family use, must usually be attended with much more of vexation and distress to the debtor and his family, than of utility to the creditor. It was upon considerations like these that the cases cited in argument by the plaintiff's counsel, were decided. We are not disposed to overturn those decisions.

A cooking stove is an article of household furniture. It is calculated for no other use. It is not an article of ornament or luxury; and if it is not necessary, it is difficult to account for its origin or its continuance in use. Though of modern invention, it is, in the present state of the country, as necessary as any other single article of household furniture; and, when actually appropriated to the use designed, falls clearly within the reason of those cases. The stove in question was, therefore, exempt from execution, and the levy is not a justification of the trespass complained of.

Judgment—that there is error, &c. And the Court also consider that the defendant's rejoinder is insufficient.