FRANKLIN,
*January,*
1829.

## ALPHONZO KILBURN *vs.* ASAHEL DEMMING.

A portable machine called a Billy and Jenny, used for spinning and manufacturing
cloth, is not exempt from attachment and execution.

This was an action of *trespass* for taking and carrying away a
certain instrument or apparatus for spinning and manufacturing
cloth, called a Billy and Jenny, to which the defendant pleaded
the *general issue,* with notice of his having caused the said
spinning instrument or apparatus to be attached at his suit on a
writ of attachment against the said *Alphonzo Kilburn,* returnable
&c. The issue was by agreement of parties set to the court for trial.

The plaintiff having proved his property and possession in the
said Billy and Jenny at the time of the taking complained of,
and that the defendant caused the same to be attached and taken
away, it became a question on trial whether said Billy and Jenny,
at the time of the taking complained of, was by law attachable,
on ordinary *mesne civil process,* or was privileged from such at-
tachment, as being an article of furniture, or implement of his trade
necessary for upholding life. It was proved that the plaintiff, was
by profession a spinner in the manufacture of cloth, which busi-
ness he carried on part of the year, and part of the year he work-
ed as a clothier. That about two years before the taking in ques-
tion he purchased the Billy and Jenny at the cost of about one
hundred dollars, for his own use, in his trade and business afore-
said—that it was a machine of about the weight and dimensions of
a common domestic loom, capable of being easily transported
from place to place, and of being taken down and set up at pleas-
ure, and calculated so as to be conveniently worked by hand;
though it appeared that the same kind of instrument was some-
times fitted to other machinery, so as to be propelled by water
power.

It was further proved, that until the attachment of said machine
the plaintiff followed his trade, using therein the machine and
working it by hand; and that he transported it to various places as
employment offered; and regularly worked it as the means of
supporting himself and family.

From these facts the plaintiff contended, that the machine was

FRANKLIN,
January,
1829.

Kilburn
*vs.*
Demming.

not liable to be attached, and that, consequently the plaintiff was entitled to recover.    But the court decided that said machine was liable to be attached, and rendered judgment for the defendant accordingly.

The plaintiff filed a bill of exceptions, stating the foregoing facts, which was allowed, and the cause thereupon was ordered to the Supreme Court.

*Mr. Royce, for the plaintiff,* cited *Patten* vs. *Shepard,* 4. *Con. Rep.* 450.

*Mr. Smith, for the defendant,* contended that the machine in question was not exempt from attachment by the statute, it not being *household furniture necessary for upholding life,* nor a *tool* within the meaning of the act ; and cited 5 *Mass. Rep.* 313.—13 *do.* 82—That the case presented no question of law, as the court, by finding the issue for the defendant, necessarily found that the article in question, although it might be a tool, was not necessary for upholding life.

The opinion of the Court was delivered by.

PRENTISS, J.—The statute, directing the levying and serving of executions, exempts from execution, " one cow, and such suitable apparel, bedding, tools, arms, and articles of household furniture, as may be necessary for upholding life."—(*Comp. Stat. p.* 208. *s.* 1.)—Though the exemption, in terms, is confined to executions, yet as the object of an attachment is to take property to be sold on execution in satisfaction of the judgment which may be recovered, chattels, which cannot lawfully be seized and sold on execution, cannot lawfully be attached.

Whether or not the machine in question was exempt from attachment, depends upon the meaning and construction of the word *tools* in the statute.    A provision, substantially the same as the one contained in the statute of this state, exists in several of the other states ; and in some of them, adjudications are to be found, fixing the meaning and extent of the provisions.    In *Massachusetts,* the statute exempts the *tools* of any debtor, necessary for his trade or occupation, from attachment and execution ; and it appears to have been there decided, that neither implements of husbandry, necessary for tilling land, nor a printing press, types, and other implements of a printing office, are *tools* within the meaning of the statute.—(*Daily* vs. *May,* 5 *Mass.* 313.—*Buckingham* vs. *Billings,* 13 *Mass.* 82.)    In the last mentioned case, the court said, that the statute, being in derogation of the common rights of creditors, ought to have a strict construction, ac-

FRANKLIN,
January,
1829.

Kilburn
vs.
Demming.

cording to the intent of the legislature; and that the term *tools* in the statute must be understood to designate those simple instru- ments, which are commonly used by the hand of one man in some manual labour necessary for his subsistence, and did not compre- hend complicated machinery and expensive utensils, which may be of themselves of great value. Although a different doctrine is laid down in the case of *Patten* vs. *Shepard*, (4 *Con. Rep.* 450,) yet the reasons and principles on which the former case proceeded, appear to us to be sound, and the doctrine of it to be more agreeable to the general policy of our laws for the security of debts, and to what we believe to have been the common un- derstanding in the state. Indeed, this doctrine was recognized and adopted by the Supreme Court of this state several years ago. I remember to have been counsel in a case,[*] in which it was determined, that moulds, used by a paper-maker in the manu- facture of paper, were not *tools* within the meaning of the statute, and, consequently, were not exempt from execution. Unless the word *tools* is taken in its appropriate sense, as applying to simple instruments ordinarily used in manual labour, the exemp- tion will embrace property of a kind and value, which it is obvi- ous never could have been within the intent and meaning of the statute. It will extend, for aught we see, not only to the imple- ments and apparatus of a printing office, but to the machines, looms, and spindles of a manufactory, and indeed to a great vari- ety of complicated machinery and utensils, of great value, all of which will be locked up from creditors. On the principles of justice, the property of a debtor should be subject to the satisfac- tion of his debts; and the exemption in the statute ought not to be extended beyond what the policy and humanity of the law clearly require. Though the machine in question, as the case states, was worked by the plaintiff by hand, yet it is a machine of the same kind and construction which is used in manufactories and propelled by water power; and if this machine of one hun- dred spindles, of the cost of $100, is exempt from attachment, why, on the same principle, may not a machine of five hundred or a thousand spindles, and of the cost of $1000, be exempt. The distinction between simple instruments of ordinary manual operation, and complicated implements and machinery, appears to be a fit general rule to be adopted and acted upon; and though the case before us, under the circumstances stated, may not be entirely free from doubt and difficulty, yet we do not see how we can hold the machine in question to be free from attachment,

[*]*Burbank* vs. *Reed*, Washington County, July Term, 1822.

without giving a construction to the statute, which would lead to an exemption of property, of a description and kind never contemplated by the legislature, and to an extent in value, which would comport as little with sound policy as with justice.

FRANKLIN,
*January,*
1829.

Kilburn
*vs.*
Demming.

Judgment affirmed.

*Royce,* for plaintiff.
*Smith,* for defendant.