David Leavitt vs. Dexter Holbrook.

Windham,
*February,*
1829.

Leavitt
*vs.*
Holbrook.

Fresh beef killed in the month of December, is liable to bo seized and sold on execution.

*Dictum.* Property perishable in its nature, or liable to suffer serious diminution by keeping or removal, may not be liable to be taken on legal process.

This was an action of *trespass* for taking 600 pounds of fresh beef, one raw cow's hide, and 100 pounds of raw beef's tallow. The cause went to the jury on the general issue.

The plaintiff proved, on the trial, that he was the owner of a fat cow, which he had killed and dressed, and that the defendant seized the carcase entire, before it was dissected, and also seized the hide and tallow, all in their raw state.

The defendant shewed, in justification of the taking, a proper writ of execution, on which the property was seized by him as Deputy Sheriff, and the return thereon—to which no exception is made.

The counsel for the plaintiff requested the Court to charge the jury, that the property mentioned in the declaration being of a perishable nature, was not liable to execution. The Court refused so to charge, but charged the jury " that there had been no decision in this State, that perishable property was not liable to attachment and levy of execution. It would seem difficult for them to find this perishable property, taken at the season of the year it was, when in fact, the avails of the cow at auction exceeded forty dollars.—That a case might exist in which the attachment of particular property would be its certain destruction, as if a thousand bushels of potatoes should be attached in the spring, upon a writ returnable the September following.— But, the difficulty in that case does not exist in the present.—Here the property was levied upon in December, by virtue of an execution, and sold in about fourteen days, and there is no pretence that it in fact perished in the mean time. The Jury would therefore consider this property liable to be levied upon and sold as the plaintiff contends has been done by the defendant in the present case." To which opinion and charge, the plaintiff's counsel having excepted, the case was ordered to this Court for further adjudication.

WINDHAM,
February,
1829.

Leavitt
vs.
Holbrook.

*Kellogg & Field, for plaintiff.*—1. The right to seize the goods and chattels of the debtor in execution, is confined by the provisions of the statute to such goods and chattels as may be "*removed,*" "*safely kept,*" for fourteen days, restored to the debtor, or "*sold.*"

Accordingly, bonds, bills and notes are "*goods and chattels;*" but are not subject to execution, because they cannot be "*sold.*"—Doug. Rep. (Ld. Mansfield.)—East. Rep. (Kenyon.)—4 Mass. Rep. 438.

Goods and chattels perishing within fourteen days are not subject to execution, because they can neither "be kept for fourteen days," "restored," or "sold."

2. It is an essential requisite to all property which is pledged, that it be of such a nature that it can be restored in the same plight and condition as when received.—Hammond's N. P. 374.

Property taken in execution under the statute is holden as a pledge, because it is to "*be kept until the debtor satisfy the execution,*" and only to be sold in the event of the debtor's *not redeeming.*—See also 2 Mass. T. R. 519.

Hides in a vat are not subject to execution.—7 Mass R. 123.

Officer cannot tan hides—same case.—Also Croke's Eliz. 786.

*Bradley & White, for defendant,* contended, That beef is not exempted from this rule on the ground of being perishable, that the cases evidently apply to chattels, injured by removal, as green hides in the vats—unburnt bricks.—7 Mass. R. 123.

Whether perishable or not, even in the state in which attached, depends on circumstances; and it does not appear that they were such as to induce material alteration.

2. That the article in the country is annually killed and cut up for sale, and if this is done by the officer, the damage is no more than moving hay in the barn. Yet meat in the carcase, in this State, is a marketable article, and is frequently sold and bartered in this condition.—11 Mass. 184, *Campbell vs. Johnson.*

The opinion of the Court was pronounced by

PADDOCK, J.—This case is quite new; and it is not with-

out some hesitancy that the Court have come to a deter-
mination upon it. The cases cited by counsel do not fur-
nish any established principle within which it would be
proper to range it.

It appears that the plaintiff had killed a fatted beef, and
while the same was on the slings, the defendant being a
Deputy Sheriff, levied an execution upon, and sold the
same; and the question now submitted is, whether beef on
the slings, is subject to the levy of an execution. Our
practice of attaching property on *mesne process*, is a thing
unknown at common law, and is a right given by statute;
between which and distress at common law, there is a
strong analogy : the former having for its object the secu-
ring of a fund out of which to satisfy the plaintiff's judge-
ment, should he recover : the latter, to compel the person-
al appearance of the defendant in Court, or the perform-
ance of some duty.—Co. Lit. 47, *a. b.*—3 Black. Com. 9
and 10.

But in no case could property distrained be sold in satis-
faction of the duty or demand; and after the appearance
of the person, or performance of the duty, it was returned
to the distrainee. But at common law, there was no prop-
erty privileged or exempt from being taken on an execu-
tion or *fieri facias* and sold.—3 Salk. 136.—1 Burr. 579.

It will be found, that with a few exceptions, as tools, &c.
no property was exempt from distress at common law, ex-
cept such as necessarily would perish or suffer diminution.
Hence, hides in vats could not be distrained, because, if
exposed to the air and dried during the process of tanning,
they could never afterwards be reduced into leather; and
for that reason, it was held in *Bond* vs. *Ward*, 7 Mass R.,
that hides thus situated, were not attachable on *mesne pro-
cess.* Grain in the stack was not liable to distress, because,
the quantity would necessarily be diminished by a remo-
val ; but should the landlord find it upon a cart, he might
distrain and drive it away.—Co. Lit. 47, *b.*

But there may well be a distinction between property
perishable by removal and that which is perishable in its
nature. If grain could be removed without waste, or hides
raised from the vats and becoming dry, could be returned
again, and the tanning completed, the objection to dis-

WINDHAM,
February,
1829.

Leavitt
vs.
Holbrook.

training them would cease. But such is not the case.—Property, whether perishable or not, may depend upon many circumstances, such as the season of the year; for in the spring, vegetable roots, the growth of the previous year, would soon perish; but in the fall season, they might not be considered perishable; and in warm weather, fresh meat will perish shortly; whereas, it is common with every family, to keep it through all the cold season in a frozen state.

The objection to attaching property perishable in its nature, upon *mesne process*, does not apply with equal force to an execution. Our statute requiring but *fourteen days* between the levy and sale, there is very little danger of property perishing in the cold seasons, properly taken care of; and if an instance should occur wherein property thus taken should suffer partial or total decay, the occurrence would be so very rare, that it would be far better for community to pass it by unnoticed, than to say that articles having a real intrinsic value in them, should not be taken on execution, because, being perishable in their nature, a loss, by possibility, might be sustained.

In the present case, the beef was attached in the month of December, a season when warm weather is not to be expected, and the sale in a reasonable time after.

With this view of the case, the Court affirm the judgement of the County Court.

Judgement affirmed.