### IN THE

# SUPREME COURT

#### OF THE

# STATE OF VERMONT.

————~~~O~~~————

## BENJAMIN FRY *vs.* SAMUEL CANFIELD.

BENNINGTON,
*February,*
1831.

A horse and saddle, owned by a member of a company of cavalry, are not exempt by the militia laws of the state from attachment or execution.

THIS was an action of *trespass* for seizing and carrying away a horse and saddle belonging to the plaintiff. Plea, *not guilty.* At the trial in the county court, the defendant justified the taking of the property in question by virtue of a writ of attachment against the plaintiff in favor of one Jona. B. Morton. The plaintiff contended that the horse and saddle were exempt from attachment and execution by virtue of the militia laws of the state; and he gave evidence tending to prove that he was a member of a company of cavalry; that he was equipped as the law directs; that the horse and saddle were his property, and were kept fitted and used for cavalry review. The defendant gave evidence tending to prove, that the plaintiff, before the attachment, had sold his military equipments; and he proved that the plaintiff, before the attachment, kept and used the said saddle for his common and ordinary use; and also that at the training next before the attachment, the plaintiff was not fully equipped with any article required by law. The court decided that neither a horse nor saddle, kept under such circumstances, were exempt from attachment or execution, and rendered judgement for the defendant.

The plaintiff excepted, &c., and removed the cause to this Court, and moved for a new trial.

2

Fry
vs.
Canfield.

After argument, the opinion of the Court was delivered by

WILLIAMS, J.—We are to determine in this case whether the property, which is the subject of this action, is exempt from attachment and execution by the 32nd section of the militia act. Those articles which it was thought proper to protect from attachment and execution are enumerated in that section, and it is to be presumed the legislature made every provision upon this subject which the exigency of the military service required. The statute cannot, and ought not to be extended by construction. The words of the statute are, that every citizen enrolled, and providing himself with a uniform, arms, ammunition, and accoutrements, shall hold the same exempted from all suits, distresses, executions, or sales, for debt, or payment of taxes. By no possibility can it be said that a horse is included in any of these terms. There might be more doubt as to a saddle and bridle, whether they might not be comprised under the term accoutrements, although that term has usually been considered as embracing only dress and military trappings worn about the person, and has been so defined by some of the most approved lexicographers. But in the 10th section of the statute they are spoken of as furniture for the cavalry service, and a person enlisting is required to own and constantly keep a horse and furniture for that service. There is no good reason why we should give the statute the extended construction contended for.

As to most of those articles which a soldier is obliged to provide, they are useful only as military equipments, and there may be some propriety in exempting those articles from seizure which a man is obliged to provide and keep almost constantly for the use of the public. But a horse saddle and bridle are kept for common and ordinary use, and a benefit and profit is derived to the owner from their use. We are of opinion that the articles for which this suit is brought are not by statute free from attachment, and that we ought not to give such a construction to the words used in the statute as we think was not intended, and which we believe the legislature would not adopt if the subject had been directly presented to their consideration.

The judgement of the county court is affirmed.

*Hall*, for plaintiff.

*Robinson*, for defendant.