RUTLAND,
January.
1833.

## NOAH D. HART vs. OLIVER M. HYDE.

If an officer attach goods, and afterwards sell the same on an execution, and the purchaser take the receipt of a third person in whose possession they are for the same, trespass may be sustained against the officer, if the property was not liable to attachment.

A cooking stove is protected from attachment as a necessary article of household furniture.

To deprive the general owner of chattels of the action of trespass by reason of a possesson of another, it must appear that the former has parted with the *right of possession* for a specific time.

### CASE STATED.

This was an action of *trespass*, brought to recover the value of a cooking stove and pipe, which had been levied upon and sold under an execution in favor of Hyde against Hart. Hyde was the purchaser of the stove at the Sheriff's sale. The stove had previously been used by Hart as a cooking stove, & was his only stove. About three months previous to the attachment, Hart had temporarily suspended house-keeping, and placed the stove in the possession of one Lewis, who was to keep it, and pay a reasonable rent for the use of it, until it should be called for by Hart. When the stove was attached on mesne process, Lewis receipted it to the officer, and retained the possession and use of it, until it was sold on the execution, when he also receipted it to Hyde, and still continued in the use and possession of it. The stove had not been removed at any time, nor in any manner disturbed; but Lewis retained the occupancy of it, after, as before the levy and sale. Subsequently to the sale, but before the commencement of the suit, Hart called on Lewis for the stove, who declined delivering it up to him. Hart then brought an action of *trespass* against Hyde, before a Justice Court, and recovered judgement the 3d day of March, 1832, for $12, 9 cts. damages, and his cost. An appeal was entered to the County Court; but without taking the opinion of the Court below, a verdict was taken for the plaintiff for the value of the stove, with liberty to the plaintiff to move to enter a non-suit, if this Court should be of opinion, that the plaintiff could not recover in this form of action. It is also agreed, that if the Court should be of the opinion that the plaintiff ought to recover in this action, the damages shall be assessed at $12,09, with interest from the 3d March, 1832.

RUTLAND,
January,
1833.

Hart
vs.
Hyde.

*R. R. Thrall, for plaintiff.*—1st, Does the sale of a chattel by the Sheriff, on execution, constitute such a transfer of the property as will enable the plaintiff to sustain trespass? The plaintiff contends that the sale by the Sheriff on execution is a perfect transfer of the property to the purchaser. Had the plaintiff taken the property from Lewis after the sale, he would have been a trespasser.

2d, Was the possession of Lewis, in the first instance, the possession of Hart? Lewis was the bailee of Hart, and his possession was the possession of Hart. The stove was placed in his possession for safe-keeping, and Hart had the right to the actual possession at any time; and is unlike the cases where the property had been rented for a definite period.

3d, A cooking stove is such an article as is protected by the statute.—2 Ch. Rep. 68, *Crocker* vs. *Spencer.*

*S. Foot & R. C. Royce, for defendant.*—This case presents the questions, whether the mere levy of an execution upon a personal chattel, without injuring it, removing it, or changing the possession of it, is such an act as of itself amounts to a *trespass, vi et armis;* whether the plaintiff had such a possession as would enable him to bring the action; and whether under the circumstances, the stove was exempt from attachment.

As to the *first* point, the acts for which *trespass* lies, may be the *taking away* the personal chattel from the owner or possessor; the destroying it, or the doing some damage to it. In this case, there was no damage to the stove—none complained of.—No actual force was exercised : the law itself can imply none, without an actual disturbance or detention of the article, in the use and occupancy of it, by the owner or possessor. No direct and immediate injury resulted to the owner. At most, only indirect or consequential injury could accrue to him. So that *trover* or *case* only, and not *trespass,* could lie for the act here complained of.

The simple act of a peaceable entrance into another's house, even by an officer, and the writing out on the execution a certificate of a levy upon any personal chattel in the house, without removing, detaining, or even touching

42

it, is not such an act as will subject him to the action of trespass.

The subsequent *bona fide* purchase of the stove at the sale by Hyde, was not a wrongful conversion of it. A *bona fide* purchaser of a chattel, at a vendue sale, is not a trespasser, though the property have been wrongfully taken and sold. Trover only, and not trespass, can be bro't in such case, for the recovery of its value.

In the second place, an *actual* or *constructive* possession of the chattel is necessary to enable the owner to maintain trespass for taking.—4 T. R. 489, *Ward* vs. *Macauley et al.*—4 B. & A. 590, *Croft et al.* vs. *Allison*. The action of trespass is founded on possession, of trover upon property. In this case the plaintiff had not the possession.— Hart had parted with the possession of the stove to Lewis, and was receiving rent for it. Although Hart was at liberty to call for the stove when he pleased, he cannot be considered as having a constructive possession, before a demand was made. The case is distinguished from that of a servant, or carrier, or a mere bailee, with remuneration for keeping, or carrying. In these instances, the owner is not supposed to have parted with the possession, and can maintain trespass for taking. The possession of a mere bailee, carrier, or servant, is not coupled with any interest in the chattel. In this case, the possession of Lewis was coupled with a direct and exclusive interest in the stove, until demanded by Hart, and he would have been held accountable to Hart for an injury done to it. It matters not that the possession was not given for a specified time. Lewis' possession of the stove was as exclusive, and his interest as direct, previous to a demand by Hart, as if he had taken it for a definite length of time. Hart then could maintain *trover* only for the taking of the stove from Lewis previous to its having been demanded.

As to the third point, a cooking stove is not exempt from attachment except when *actually appropriated* to the use designed for it.—2 Chip. R. 68, *Crocker* vs. *Spencer*.

The opinion of the Court was delivered by

PHELPS, J.—It is insisted that no act of the defendant appears in the case, which amounts in law to a trespass.—

RUTLAND,
January,
1833.

Hart
vs.
Hyde.

But we are all agreed, that the act of the Sheriff, in assuming the custody and control of the property, was clearly a trespass; and, if done by direction of the defendant, was a trespass in him. There was a literal *taking* of the property—a seizure on the attachment, as also on the execution, and the placing it under the control of a third person to the exclusion of the plaintiff.

To constitute a trespass, it is not necessary that there should be actual force exerted upon the property. It is enough, if by menace, threat, or exercise of legal process, the owner is excluded from the possession and control of it. If no possession is taken by an officer on an attachment, perhaps the mere return of an attachment would not subject the officer to this action; but if the possession and control are assumed, to the exclusion of the owner, the action lies.

If an officer seize property on execution, and sell it, the trespass is complete, whether the purchaser remove it or not; provided he assumes the control and disposition of it. It is such an unlawful interferance with the property of another as constitutes an immediate injury; and the party injured is not bound to litigate the question with the purchaser.

It is further insisted, that the plaintiff cannot recover in this case, for want of possession in him at the time of the trespass.

The ownership of chattels draws after it the legal or constructive possession, and this is sufficient for the purposes of this action. If indeed the owner had parted with the right of possession, for a specific period, he cannot maintain trespass for an act done during that period: but if he have the right of resuming the possession at pleasure the action lies. Hence it is not necessary that the plaintiff have actual possession; it is sufficient if he have the right of possession. See *Putnam* vs. *Wiley*, 8 John. R. 432; also 2 Pick. Mass. R. 121; 3 do. 255; 5 do. 177; 7 Conn. R. 232.

Mere delivering to an agent to keep, with the right of resuming the possession, *ad libitem*, will not defeat the action, see *Thorp* vs. *Burling*, 11 John. R. 285.

The reason of the distinction is this, trespass is an inju-

Rutland,
January,
1833.

Hart
vs.
Hyde.

ry to the possession, and the immediate injury is to him who has the right of possession. If Lewis in this case had the right of possession, the right of action would be in him; but as he had no such right, he sustains no injury, but the right of action is in the plaintiff.

Another point in the case is, whether the stove in question was subject to attachment; if so the defendant is justified by his process. But it has already been decided.— *Crocker* vs. *Spencer*, 2 D. Chipmans R. 68, that the article is protected by the Statute, from attachment, as a necessary article of household furniture.

We are not disposed to question the propriety of this decision. The reasons in favor of it, are perhaps stronger now than they were when it was made. Since the general introduction of this article, as one of common use, many dwellings, and especially those occupied by the poorer class, are constructed with a view to the exclusive use of it, and would be uninhabitable without it. Perhaps there is no article found in the dwellings of the poor which might not be as easily dispensed with. It is an article of permanent necessity; and the temporary suspension of the use of it, in this instance, does not render it unnecessary. There is scarcely any protected article, which is always in actual use; and if we were to hold such articles attachable, because not actually in use at the moment, the protection would be of little service. The humane purpose of the Statute would not be answered. It is said that the plaintiff had discontinued house-keeping; but the fair presumption is that this was temporary and with a view to resume it.

Judgement for the plaintiff, according to the agreement.