BENNINGTON,
February,
1834.

PHILANDER AMADON *vs.* HARMON MYERS.

No action of trover can be maintained by the owner against an officer who attached his property, as the property of another, but did not take the actual custody or possession, or require any receipt for the same, when the owner has not been disturbed in his possession, but has actually used the property himself and appropriated it to his own benefit.

This was an action of trover, submitted to the decision of the court. Plea, *not guilty*.

On the trial of the issue in this cause, the plaintiff proved that the defendant, as constable of Pownal, attached some corn as the property of one Ansel Amadon, and that the property so attached belonged to the plaintiff, and not to Ansel Amadon.—That defendant did not remove said property, or take it in his possession; but said he should, unless the plaintiff would receipt it.—That defendant went to the barn to see the grain, and plaintiff's wife forbid him to attach it; and when defendant opened the barn-door, a small portion fell upon the ground and was lost.—That defendant has not since demanded said property, or levied upon it; but the plaintiff has used the same, and appropriated it to his own benefit. The court decided that the defendant was *not guilty*. To which decision and judgment of the court, the plaintiff made his exceptions, which were allowed and certified.

*Blackmer for plaintiff.*—An attachment of personal property is the taking such property into the legal custody of the officer making the same.—4 Vt. R. 504, *Lowry* vs. *Cady et al.* It is so far in the custody and possession of the officer that he acquires a special property in it, and he becomes answerable for it to the plaintiff in the suit, if he recovers a judgment, and to the defendant if the plaintiff fails to recover, and may maintain trespass or trover against any person who takes it from him tortiously.—2 Vt. R. 209, *Spencer* vs. *Williams et al.* It is the duty of an officer, who attaches personal property, to take it into his actual custody, and he has the possession and right to the possession of it.—4 Vt. R. 605, *Beach* vs. *Abbott et al.* Let the property be where it will, there is no constructive possession in any person but the officer who attaches, while the lien created by it continued.—2 Vt. R. 383, 7, *Adams* vs. *Abbott.* By the attachment, the officer acquires such an interest in the property that he may maintain trespass for it without showing a copy left with the debtor.—4 Vt. R. 437, *New-*

BENNINGTON,
*February,*
1834.

Amadon
*vs.*
Myers.

*ton* vs. *Adams et al.* The law presumes that the officer does his duty, and that his returns are correct.—4 Vt. R. 146, *Barney* vs. *Weeks.* The presumption then is, (until rebutted) that he left a copy of his attachment with the town clerk, as this was a part of his duty, which would have the same effect to create a lien, that a removal of the property would, as the legal possession would be in the officer.—4 Vt. R. 76, *Lowry* vs. *Walker.* Or if he took a receipt, as he said he should, or removed the property, we must believe he did take a receipt, or he would have removed it; in which case, the property would still have been in his possession, as the possession of the receiptor is the possession of the officer.—4 Vt. Rep. 605, *Beach* vs. *Abbott et al.* If the officer took a receipt for the property, the receiptor would not be permitted to show (in a suit on the receipt) that the property was attached.—4 Vt. R. 504, *Lowry* vs. *Cady et al.*—11 Mass. R. 317, *Lyman* vs. *Lyman.* It also appears from the case, that a part of the corn attached was lost by the officer.

2d. Assuming to one's self the possession of property, and the right of disposing of another man's goods, is a conversion for which trover will lie.—10 John. R. 172, *Murray* vs. *Burling.*—6 East R. 540, *McCombie* vs. *Davis.*—6 Mod. Rep. 212, *Baldwin* vs. *Cole.*—10 Mass. Rep. 125.

*J. S. Robinson for defendant.*—1. To maintain trover, the plaintiff must prove property in himself, and a conversion by the defendant. The case furnishes no evidence of any act subsequent to the attachment, which, in law, would be a conversion, or evidence of a conversion. The unlawful attachment of personal property by an officer, unaccompanied by a removal, or putting a person in possession, or sale upon execution, constitutes an injury which can be redressed only by an action of trespass. For what does the plaintiff recover damages in an action of trover?—the unlawful attachment on the conversion? The plaintiff, by electing to bring trover, waives the trespass, and recovers damages only for the injurious conversion.—1 Burr. 33. How can the plaintiff recover damages for a conversion of his property, when the case finds the property attached was never removed, but consumed by the plaintiff in his own family?

There has been no injury to the plaintiff's possession or right of property. And although it is said in the first rule of

BENNINGTON,
February,
1834.

Amadon
vs.
Myers.

Chitty's Pl. 154, that "if goods be wrongfully seized as a distress, though they be not moved from the place in which they were, trover may be supported," yet the case in Wils. Rep. 55 shows that a third person was put in possession and continued in possession fourteen days.

2. If the court should be of opinion that trover was the proper action, they would not grant a new trial, on account of the smallness of the damages the plaintiffs would be entitled to recover.—1 Burr. 12.—3 Vt. R. 73.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—This is an action of trover. It did not appear on the trial that there was any conversion. The defendant attached the property in question as the property of one Ansel Amidon, either by leaving a copy with the town clerk, or with the said Ansel, but never took either the actual custody and possession, or any receipt therefor. The plaintiff, so far from being disturbed in the possession of the property, has actually used the same himself, and appropriated it to his own use and benefit. Now it would be carrying the doctrine of constructive possession to a very great length, to say that a man, who has the custody of property, uses and disposes of it without interruption, can maintain an action of trover against another who asserts a claim to it, without taking any measures to enforce the claim. As to the small quantity of grain which accidentally fell out of the barn when the defendant opened the door, if it can be the foundation of any action, the plaintiff must seek his remedy therefor by an action of trespass *quare clausum fregit*, if he can escape the effect of the maxim of the law, *dc minibus*, &c.

The judgment of the county court must be affirmed.