ZEBULON DOW *vs.* DANIEL SMITH.

CALEDONIA,
*March,*
1835.

For taking property on execution, which is by statute exempt, *trespass* may be sustained.

A two year old heifer forward with calf, when the owner has no other cow, is a cow within the meaning of the statute, and is exempt from execution.

Though the owner of said heifer may have in his possession a cow, which he has sold and cannot retain, though under such circumstances that his creditors might attach her, yet that does not subject the heifer to attachment.

This was an action of trespass for taking and driving away a two year old heifer, and which came by appeal to the county court. Plea, the general issue, with a notice that the same was taken by the defendant as deputy sheriff and sold on an execution against the plaintiff. The plaintiff on the trial, proved the defendant took his two year old heifer, which was forward with calf. The defendant then showed that he, being a deputy sheriff, and having for collection an execution against the plaintiff, took and sold said heifer thereon, as appeared by the return. The plaintiff gave evidence tending to show that he had no other cow except one which he possessed under the following circumstances, to wit: In October 1828 the plaintiff owned a red, lined back cow, and being indebted to Strong & Delano, he procured one Knights to sign with him a note for said debt, and executed to said Knights the following bill of sale of said cow:

"Whereas, Dean Knights has this day signed a note to Strong & Delano for me for twenty-five dollars and seventy cents, I hereby sell, make over, and deliver to said Knights as his property, my cow, three years old, lined back; he to exercise what control over her he pleases."

That the plaintiff had paid a part of said debt, but it had been sued, and there was still due thereon about thirteen dollars, which Knights had paid since the commencement of this action. Said lined back cow remained in plaintiff's possession until after the commencement of this action.

The defendant requested the court to charge the jury, that the action of *trespass* could not be sustained for taking the plaintiff's last cow in execution. That a two year old heifer, though she be with calf, and though the owner have no cow, is not protected from execution. That if the jury believe all the plaintiff's testimony tend to show, still the plaintiff is not entitled to recover.

The court charged the jury that a two year old heifer with calf, where the owner had no other cow, was a cow within the meaning

CALEDONIA,
March,
1835.

Dow
vs.
Smith.

of the statute, and protected from execution. That if the jury believed the lined back cow was turned out as in the bill of sale is mentioned, and the debt remained unpaid by the plaintiff, that cow must be regarded as the property of Knights and not of the plaintiff. To which charge the defendant excepted, and after verdict and judgment for the plaintiff, said exceptions were allowed, and the cause passed to the supreme court for revision.

*Swett for the defendant.*—In this case three questions are presented.

1. Does the action of trespass lie for taking defendants last cow by virtue of an execution?

2. Is a two year old heifer a cow within the meaning of the statute, and protected from execution?

3. Does the possession of the *lined back* cow under the circumstances which the bill of exceptions shows, operate to prevent a recovery by plaintiff in this suit?

In answer to the first question, all property is *prima facie* liable to attachment. The last cow of the debtor to be sure among other things is reserved by statute, and not liable to be taken and held on execution; but it does not follow of course, that the action of trespass lies against the officer. The persons of parties and witnesses attending court are protected from arrest and attachment, but if they be arrested no action of trespass lies, but an action on the case only. If for arresting the person of a man who is protected from arrest, an action *on the case only* can be sustained, it will be hard to find any reason why an action of trespass lies for taking property protected from attachment and execution.

The officer is not bound in the first case to know the privilege and regard it.—*Salmon* vs. *Percival,* Cro. Car. 196.—*Tarleton* vs. *Fisher,* Doug. Rep. 671.—*Parsons* vs. *Lloyd.* 3 Wilson's Rep. 344.

And from analogy in the last case, is he bound to know this to be protected property?

As to the second question, the general object of the statute was to prevent poor and indigent families from being stripped of the last and only means of subsistence by the act of an unfeeling debtor. The true policy of our law undoubtedly is, to extend the creditor's remedy against the property and restrain it against the persons of debtors. As was said by Prentiss, Justice, in delivering the opinion of the court in the case of *Kilburn* vs. *Deming,* "On principles of justice the property of the debtor should be subject to the satisfaction of his debts, and the exemption of the statute

CALEDONIA,
March,
1835.
Dow
vs.
Smith.

ought not to be extended beyond what the policy and humanity of the law clearly require."

This statute is in derogation of the common law rights of creditors to secure their debts out of the debtors property, and ought to have a strict construction according to the true intent and meaning of the legislature, if that can be ascertained.—*Buckingham* vs. *Billings*, 13 Mass. Rep. 85.

The *intent* of the legislature in exempting the debtors last cow from attachment, must have been to secure to his family the immediate means of subsistence.

The *term cow*, by common consent and general understanding, has a meaning well known and which every one comeprehends. It means something more than *calf* or *heifer*. No farmer ever talked of and applied the appellation of *cow* to an animal that had never been *productive*. The term denotes in common acceptation both the *species* and *age* of the animal in one sense. But if a two year old heifer can be brought within the meaning of the statute, a yearling may, and a calf; and upon this ground, had Dow possessed *one cow* and a *heifer calf*, the cow might have been seized by a creditor, provided the calf had been left. But I think if the animal has never had the capacity for answering the humane effects of the statute, and cannot be presumed to have at the time, there is no reason for bringing her within it.

As to the third question, Does the possession of the *lined back cow* under the circumstances which the bill shows operate to prevent a recovery by plaintiff in this suit?

Had the *lined back* cow been attached by defendant or any of plaintiff's creditors, neither plaintiff nor Knights could have any remedy, for this sale must be adjudged fraudulent against creditors. The vendor remained in possession, which Lord Coke said in Twynes case is a sign of trust, and renders the sale fraudulent.

The plaintiff, Dow, still retains the use of the cow, enjoying her as his own, and at the same time holding himself out as the real owner, he gives a false credit, and here Knights is aiding and assisting him in thus attempting to practice a fraud upon the world. Knights says, "give me the control of your property against your creditors, and you may enjoy it as ever."

The rule is, I think, that if after an absolute bill of sale the chattels remain in the vendor's possession, this is fraudulent *per se*, and void against subsequent purchasers and attaching creditors. At all events, the retention of possession must not only be part of the

CALEDONIA,
March,
1835.

Dow
vs.
Smith.

contract, but it must also appear to be for a purpose fair, honest, and necessary. Chancellor Kent says in the seventh volume of his commentaries, page 412—

"That the policy of the law will not permit the owner of personal property to create an interest in another, either by mortgage or absolute sale, and still continue to be the visible owner," and that "the law will not inquire whether there was actual fraud or not, but will infer it at all events, for it is against sound policy to suffer the vendor to remain in possession." Some good reason beyond the convenience of the parties must appear for suffering the vendor to retain possession.—2 Kent's Com. 413.

On the sale of personal chattels there must be a change of possession, and the retention of possession by the vendor will render the sale fraudulent and void, when the rights of creditors or *bona fide* purchasers are concerned.—*Durkee* vs. *Mahony*, 1 Aik. Rep. 116.—*Weeks* vs. *Weed*, 2 Aik. Rep. 64.—*Sturtevant* vs. *Ballard*, 9 John. Rep. 337.—*Hamilton* vs. *Russell*, 1 Cranch Rep. 309. *Edwards* vs. *Harben*, 2 Tr. Rep. 587.—*Ryal* vs. *Rolle*, 1 Atk. Rep. 167.—*Twine's Case*, 3 Coke Rep. 80.

In *Weeks* vs. *Wead*, the court say : " It is also to be observed that where a man who is known to have owned personal chattels still remains in the visible possession and use of them, the world will consider and act upon the belief that he is the owner; a continuance in possession, therefore, after a conveyance, has a direct tendency to mislead and deceive."

From all the cases cited, the law seems to be settled that possession must follow and accompany the sale, or the conveyance is fraudulent when the rights of creditors are concerned.

If the sale of the *lined back* cow would have been fraudulent in law as to an attaching creditor of Dow, how should that sale and continuance in possession be regarded as effecting the rights of defendant in this case ?

If he being a *bona fide* creditor of plaintiff might consider and treat this sale fraudulent and void as against him for one purpose, why not for all ?

Had the defendant attached the *lined back*, she would have been claimed on the ground that she was plaintiff's last cow, and when the defendant has humanely suffered the plaintiff to retain possession of the animal, which has been productive and is of some immediate use in the family, which cow (if this heifer is treated as a cow) the defendant might have attached and sold lawfully as plaintiff's property, shall these acts of humanity which are for plaintiff's

benefit and to the detriment of defendant, operate to destroy all of defendant's rights?

CALEDONIA,
March,
1835.

Dow
vs.
Smith.

And does this act, which is most manifestly for the immediate benefit of Dow and his family, give him this advantage of the defendant which he is calling upon this court to decide he has acquired?

If the *lined back* cow might have been attached by defendant as plaintiff's property, what good reason can be given why she should not be treated as plaintiff's property for every purpose, so far as defendant's rights are concerned?

One reason given why there should be a visable charge of possession upon the conveyance is, that the continuance in possession of the vendor has a tendency to mislead and deceive and induce a a belief that the vendor still remains the real owner. Does not this reason apply equally strong in this case as where the property itself is attached? Here defendant supposed he was leaving plaintiff his best and *only cow* capable of affording any benefit at all. He had known her as plaintiff's property, and there was no visible change of possession, and nothing to indicate any change of property. At all events, Knight's claim upon the cow was only in the nature of a pledge or mortgage—he had paid nothing of the debt when this heifer was attached, but so far from that the debt had been nearly extinguished by Dow. This fact alone shows the bill of sale was fraudulent both in law and fact.

*Bell for the plaintiff.*

The opinion of the court was delivered by

COLLAMER, J.—The first question in this case relates to the form of action; should it be trespass or case. It is insisted that the exemption of *property* from execution is like the exemption of the *person* from arrest; for a breach of which last privilege it has been holden that *trespass* will not be sustained.

For taking property, exempt from execution, *trespass* has ever been the form of action in this state, as the following cases will show.—*Crocker* vs. *Spencer*, 2 D. Chip. 68.—*Leavitt* vs. *Metcalf*, 2 Vt. Rep. 342, *Kilburn* vs. *Deming*, 2 Vt. Rep. 404.—*Spooner* vs. *Fletcher*, 3 Vt. Rep. 133.—*Try* vs. *Canfield*, 4 Vt. Rep. 9.—*Haskill* vs. *Andros*, 4 Vt. Rep. 609.—*Hart* vs. *Hyde*, 5 Vt. Rep. 328.—*Leavitt* vs. *Holbrook*, 5 Vt. Rep. 405. After so long and uniform a usuage, sanctioned by the court and the profession, we should be slow to adopt a new course not necessary to the rights of the parties, Nor is this difference in the form action

CALEDONIA,
*March,*
1835.

Dow
*vs.*
Smith.

as to an attachment of exempted *property* and an arrest of a privileged *person* without a distinction in principle. Exemption of a person from arrest is a mere personal privilege which may be insisted on or not, at the time, as the person is always present; and unless the person insists upon his privilege it is considered waived. The law of arrest therefore continues in force even as to such person. In relation to the attachment of property it does not depend on any such condition and could not, with propriety, as the owner is not presumed to be present to insist on the exemption. It is as if there was no law for such an attachment, or levy.

The next question relates to this animal being called a cow, within this statute which exempts a man's last cow from execution. This exemption is charitable and in the cause of humanity and ought to receive a liberal practical construction. The charge was that a heifer with calf where the owner had no other cow is within the exception. This only permits the poor man to call and consider this his *cow* when he has no other more clearly entitled to the appellation. This will involve no such practical difficulties as to uncertainty, where there are other cows, as have been suggested, in argument.

The next question is, had the plaintiff another cow. The lined back cow had by a bill of sale, absolute on the face of it, been sold to Knights. The consideration of that sale was the signing a note for the plaintiff, a part of which he had paid. This would render it a mortgage of the cow to Knights instead of an absolute sale; but still, as between the plaintiff and Knights it was the cow of Knights, who had the right of immediate possession—*Gifford vs. Ford*, 5 Vt. Rep. 532. It is now insisted that the sale, whether absolute or conditional between the parties, inasmuch as the cow was left in the plaintiff's possession was *void* as to creditors and so, as to them, the plaintiff was the owner of the lined back cow. It is, however, not true that this sale is, properly speaking, *void* as to creditors; it is only *voidable* by creditors attaching or purchasing; and this must by attaching the same property. In the case *Spaulding vs. Austin*, 2 Vt. Rep. 555, it was decided that the non-delivery of part of the property sold only rendered the sale void as to creditors attaching that part, not as to other property, even in the same sale. The *plaintiff* must have been in fact *owner* of the other cow. If a man owns two cows and he sells one for six cents, and delivers possession of it fraudulently in fact to injure creditors, this is a good sale as against him. Now can he never after hold one cow exempt from execution. nor have this

either on the ground that the sale was void as to creditors? Creditors can only say a sale is void as to them when they have treated it as void, and attached the same property. The cow thus sold is not the vendor's cow; it is the property of the vendee, subject to the attachment of creditors. It must be avoided by creditors attaching it or it stands good to all purposes. This is the same whether it be fraudulent in law or in fact.