Cox *v.* Hall et al.

⟶●◉●⟵

THOMAS COX *v.* PERLEY HALL AND STEPHEN BURT.

The vendor of personal property is a competent witness for the vendee, in an action of trespass brought by the vendee against a sheriff for taking the property as the property of the vendor, notwithstanding the vendor had executed to the vendee a bill of sale of the property, in which he covenanted that he was the owner of the property, and that he would warrant and defend the same to the vendee against all lawful claims and demands of all persons whatsoever.

If a sheriff have wrongfully attached property, and, while the property is in his possession, wrongfully attach it by virtue of a second writ of attachment, by direction of the creditor in such second writ, the owner of the property may maintain trespass against the officer and the second attaching creditor jointly.

Cox *v.* Hall et al.

TRESPASS for taking a horse. Plea, the general issue, and trial by jury.

On trial in the county court,—ROYCE, J., presiding,—the plaintiff offered, as a witness, one Peter Cox; to whose competency the defendants objected, on the ground of interest; and in support of the objection it was shown, that the witness, on the 20th day of January, 1843, was a part owner, with others, of the horse in question, and on that day sold the same to the plaintiff, and executed a bill of sale to the plaintiff of the horse and other property, in which he covenanted that he was, with the other signers of the bill of sale, the lawful owner of three fourths of the property, and that he would warrant and defend the same to the plaintiff against all lawful claims and demands of all persons whatsoever. The defendants claimed to have lawfully taken said horse, as the property of Peter Cox, by virtue of several writs of attachment against him, subsequent to the execution of the bill of sale. The court admitted the witness to testify; to which decision the defendants excepted.

Evidence was given on the part of the defendant Hall, tending to show, that the attachment of the horse upon the writ in his favor was made by the defendant Burt, after he had attached the horse on other writs against Peter Cox and had removed the horse to Hall's barn; and it was insisted, that, if such was the fact, the action of trespass could not be sustained against Hall.

The court instructed the jury, that, if the horse had been rightfully attached and removed, before Hall caused him to be attached on the writ in his favor, they should find Hall not guilty; but that, if the previous attachments were not lawful, as against the plaintiff, but trespasses upon him, the action of trespass would lie against Hall, provided his attachment was also wrongful, as against the plaintiff.

The jury returned a verdict against both defendants. Exceptions by defendants.

*Brown & Saxe* for defendants.

1. The witness, Peter Cox, had covenanted to defend the plaintiff, in his title to the property, against all lawful claims; and if the attaching creditors held the property, then the claim was lawful,

Cox *v.* Hall et al.

and the witness would be liable on his covenants, provided they extend to these attachments. The vendor of a personal chattel is presumed in law to warrant title ; *Parker* v. *Hammond,* 13 Vt. 243 ; and these covenants must have been intended to secure the vendee against attachments made after the sale and before the delivery and change of possession ; otherwise they have no force.

2.. It is insisted, that the mere attachment of a personal chattel, as the property of another, is not, *per se,* a trespass ; but some act must be shown, by which the owner is disturbed in his possession. But there is no evidence in the case, to show that the attachment made for Hall was otherwise than merely nominal ; the property had been previously taken from the possession of the plaintiff, and was then actually in the custody of the officer.

*Smalley, Adams & Hoyt* for plaintiff.

1. Peter Cox is a competent witness for the plaintiff; for he has no interest in the event of the suit, and the verdict therein can be no evidence either for or against him. 1 Phil. Ev. 48, 49. *Ward et al.* v. *Wilkinson,* 6 E. C. L. 466. *Rice* v. *Austin,* 17 Mass. 197. Both parties claim title from the witness ; and if he has any interest, it is in favor of the defendants ; for the property in question, should they recover, will go for the payment of his debt. *Parker* v. *Hammond,* 13 Vt. 242. *Giddings* v. *Canfield,* 4 Conn. 482, 492. 2 Saund. R. 181, n. 10. Ib. 443. 3 Stark. Ev. 1647. *Meyrick* v. *Howell,* 41 E. C. L. 351. *Pipe* v. *Steele,* 42 E. C. L. 888.

2. Had Burt's previous attachment been lawful, the plaintiff's possession and right of possession would thereby have been suspended, and the property attached put into the custody of the law. But, assuming the first attachment to be a mere trespass on the plaintiff and his right of possession, all that is required, to maintain the suit, has not been for a moment suspended, and consequently the after attachment of the same property by Burt, at the suit of Hall, if it cannot be justified, is a fresh trespass, for which the plaintiff may maintain his action. Each moment's continuance of the trespass is but a fresh caption and asportation. *State* v. *Bartlett,* 11 Vt. 650. *Commonwealth* v. *Cullins,* 1 Mass. 116. *Commonwealth* v. *Andrews,* 2 Mass 14.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   On the first question presented in this case, whether Peter Cox should have been excluded as a witness, we perceive no interest in him, created by the covenants in the bill of sale, which should exclude him.   The covenant was, to secure the title, —and not to defend against the acts of a wrong doer.   The covenant did not bind him either to deliver or defend the possession; and it appears by the bill of sale, that possession was delivered to the plaintiff.   The principle recognized in the case of *Seymour* v. *Beach*, 4 Vt. 493, is, that the vendor of property may be a witness for the vendee, in a suit brought by the vendee against a sheriff, who has taken the same on an execution against the vendor.

On the other point we apprehend the views taken by the counsel for the defendant are not correct.   They contend now, that the taking was not a trespass.   If it be true, that the defendant Hall exercised no act of ownership over the property, and did no act to withhold the possession from the plaintiff, then, according to the opinion expressed in *Hart* v. *Hyde*, 5 Vt. 328, and *Amadon* v. *Myers*, 6 Vt. 308, he might not have been liable.   The question really presented in the bill of exceptions is, whether the previous attachment, made by Burt on other writs, so far divested the plaintiff of his possession, that he could not maintain trespass.   In this view the charge was undoubtedly correct.   If the first taking was wrongful, the plaintiff was still, in contemplation of law, the possessor, and could maintain an action against a subsequent wrong doer; and the charge was a reiteration of the doctrine found in Siderfin, 438, that, if a second trespasser take goods out of the possession of the first trespasser, the owner may maintain trespass against such second trespasser,— his act not being excusable.   1 Chit. 170.   From the exceptions we do not perceive, that any other question was presented to the county court; and their charge on this point was undoubtedly correct.

Judgment affirmed.