WARREN SPENCER *versus* INHABITANTS OF BRIGHTON.

The statute c. 117, §§ 46, 47, of R. S. of 1841, (R. S. of 1857, c. 84,) providing that an inhabitant of, or proprietor of land in a town, may voluntarily pay his proportion of an execution against the town, was intended to grant a perpetual exemption, both to the person and estate of any inhabitant so paying, if he shall proceed in the mode prescribed by the statute. *Vide* Laws of 1858, c. 53.

Although a portion of the inhabitants, by such payments, are thus exempted, an action may be sustained against "the inhabitants of the town," by one whose land has been seized and sold to satisfy the unpaid balance of the execution.

The execution, in such case, should issue against *the inhabitants of the town;* but if it be levied on property by law exempted, the party taking the property will be liable therefor.

ON REPORT from *Nisi Prius*, TENNEY, C. J., presiding.

THIS was a special action on the CASE, founded on certain provisions contained in c. 117 of the R. S. of 1841.

It appears, from the report and the documentary evidence that makes part of the case, that, in the year 1852, the inhabitants of Thomaston recovered judgment against the de-

fendant town; the execution that issued thereon was put into the hands of an officer to be collected. The officer, in his return, certifies that for want of goods and chattels of the debtors in the execution, for which he made diligent search, he seized, advertised and sold sundry lots or parcels of land situate in the defendant town, and the proceeds of sale were applied to the satisfaction of said execution.

Some of the lots thus sold belonged to the plaintiff; and were conveyed, by the officer's deed, to J. S. Abbott, who purchased them at the officer's sale. The plaintiff brings this action to recover against the defendants the value of his lands sold, with interest thereon at the rate of twelve per cent.

It was stipulated in the report, that the officer's deed to Abbott might be referred to by either party and either party might order a copy of it to be made by the clerk; but if no copy was ordered, the deed should be considered as having conveyed the lots, for the value of which this action is instituted. There was a similar agreement as to certain deeds proving the plaintiff's title to the lots sold.

A part of the sheriff's return is as follows:—"The total amount, for which said tracts were sold, as aforesaid, was eighty-three dollars, which is the amount of this execution and fees, costs and expenses thereon, allowing certain payments made by sundry inhabitants and proprietors, as specified in the annexed schedule." The schedule contains the names of about one hundred persons, with the amount paid by each.

Upon the legal evidence in the case, the Court shall direct what judgment shall be rendered, and the form of execution that shall be issued. If judgment shall be for the plaintiff, the amount of damages as provided by the statute to be determined by George C. Getchell.

The case was argued by

*J. S. Abbott*, for the plaintiff, and by

*Hutchinson*, for the defendants.

The opinion of the Court was drawn up by

RICE, J. — From the terms of the report, the title to the lands of the plaintiff, sold to satisfy the execution of *Thomaston* v. *Brighton,* is not controverted, nor is the validity of the deed from the officer to John S. Abbott now in dispute.

It appears from the return of the officer on that execution that money was received from sundry "inhabitants and proprietors" in part satisfaction thereof, and that the estate of the plaintiff, for which this action was brought, was seized and sold to satisfy the balance due on said execution, with costs and charges.

A question is now raised, whether in case judgment in this suit should be rendered in favor of the plaintiff, execution can be properly issued against the persons or property of such "inhabitants and proprietors," as have already made payment in part satisfaction of the original execution on which the plaintiff's estate was seized and sold.

Section 46 of c. 117, R. S., 1841, provides that, whenever any such warrant of distress or execution shall be issued as aforesaid against any town, it shall be lawful for any inhabitant thereof, or for any proprietor of lands therein, either before or after the issuing of such precept, to pay his part or proportion of such order or judgment; which part or proportion shall be ascertained by an assessment thereof, made by the assessors of said town; and which service they shall be required to perform, at the request of any such inhabitant or proprietor, or on notice given them by the county commissioners.

Section 47 of same chapter provides, that every person so paying his part or proportion, to the treasurer of the corporation for the use of the person interested, or to such person himself, shall be discharged, both as to his person and his property, from such warrant or execution; and by § 48, if any such warrant or execution has, or shall be levied on the property of any person, who at the time has not paid his part or proportion, every person having so paid, or that shall so pay his part as aforesaid, shall be discharged

from all executions that may be issued on any judgment, *against the inhabitants of such town*, on account of said levy, and his person and estate shall forever be discharged.

The intention of the statute is to grant a perpetual exemption, both to the person and estate of such inhabitants and proprietors as shall pursue the prescribed measures pointed out in the statute to ascertain and pay their just proportion of any such warrant of distress or execution against the inhabitants of the town in which they reside or in which they possess estate, liable to seizure.

Whether a voluntary payment by an inhabitant or proprietor, made otherwise than in the manner pointed out in the statute, would operate on such an execution, may admit of doubt. *Grose* v. *Hilt*, 36 Maine, 22.

The statute evidently contemplates that execution should go against the inhabitants of the town, and if any inhabitant or proprietor would claim to be exempted from paying any portion of such execution, or of having his property exempted from liability to seizure to satisfy the same, he must be able to show that he has complied with the requirements of the statute in paying his part or proportion of the original warrant of distress or execution against the inhabitants of such town.

In this, as in all other cases of special exemption, the party seeking his remedy will proceed at his peril in the seizure of property. If he seized that which is by law exempted, he will be liable therefor.

The plaintiff is entitled to judgment for the value of this land at the time sold, with interest, at the rate of 12 per cent., and, according to the agreement, the damages are to be assessed by George C. Getchell, Esq., on a hearing of the parties.

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.