## FINLEY v. BARKER, *Appellant.*

### Division One, June 6, 1892.

**Execution Sale:** HOMESTEAD EXEMPTION. Where the sheriff levies upon and sells property which the execution debtor might have selected as exempt under the law (R. S. 1889, sec. 4907), a title passes to the purchaser, notwithstanding the failure of the sheriff to notify the debtor of his right to make such selection.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Chase & Powell* for appellant.

(1) The statutes of Missouri, exempting from execution certain property and giving to debtor right of election to select certain property in lieu, and commanding officer, "before he levy upon same," to

apprise debtor of his exemption rights, are plainly set forth in sections 2343, 2346 and 2347 of Revised Statutes of 1879, and no purchaser can be an innocent purchaser at any sheriff's sale made contrary to such statutes, for they are notice to the world; and, if he purchase under a levy made in contravention of these statutes, he takes nothing. (2) In sale of a home-stead, if the sheriff fails to set off homestead exemptions, a sheriff's deed would not affect the homestead right, nor furnish a basis for an ejectment, nor could purchaser get possession of it as long as it remained a homestead. *Bunn v. Lindsay*, 95 Mo. 258. The sheriff's deed could only pass what he (sheriff) had the right to sell, *i. e.*, the land subject to homestead estate. *Crisp v. Crisp*, 86 Mo. 633.

*Wm. Albritain* and *Wash Adams* for respondent.

BARCLAY, J.—This is an action of ejectment for a piece of land in Kansas City, Missouri.

Defendant was the owner of the lot when a judgment was obtained December 28, 1885, against him by a Mr. Lovitt under which it was sold on execution, May 15, 1888. The judgment creditor purchased it for $100, and received the sheriff's deed therefor.

In August, 1888, the purchaser made a "quitclaim" conveyance of the property to plaintiff, who brought this action, September 15, 1888.

The defense goes on the theory that no title passed by the execution sale, because the sheriff, before levying the execution, did not apprise defendant of his right to the exemptions secured him by the laws of Missouri, or appoint appraisers to value and set apart the same. R. S. 1889, sec. 4907, same as sec. 2347, R. S. 1879.

Defendant does not assert that the property is a homestead, or that it comes within the statutory specifi-

cations of absolute exemption. He claims that he had the right to select it as exempt, and to have the opportunity for so doing; in default of which, the levy and sale are invalid.

Without reaching the considerations arising from the later transfer to plaintiff, it will suffice to say that the failure of the levying officer to notify the defendant of his right to select certain property cannot logically impress an exemption upon defendant's property that has never been, in fact, selected. Until the selection is made, the property is subject to levy. If the defendant has sustained injury in consequence of the failure to apprise him of his right (as the law prescribes), that injury cannot be taken as a substitute for the selection of the property sold, which the defendant might or might not have made. It may give him some other right of action, but does not constitute a defense to this case.

We approve the views of this subject taken by the St. Louis court of appeals in *Alt v. Bank* (1880), 9 Mo. App. 91.

The foregoing is the only assignment of error which appears to call for remark; and, finding it untenable, we all agree to affirm the judgment.