Davis v. Williamson.

JOSEPH DAVIS, Respondent, v. J. R. WILLIAMSON, Appellant.

Kansas City Court of Appeals, January 11, 1897.

**Executions**: EXEMPTIONS: SPECIFIED OR SELECTED PROPERTY: FAILURE TO ADVISE OF EXEMPTIONS. When an execution is levied on articles other than those exempted by section 4903, Revised Statutes, 1889, the defendant in the execution must select such articles before they become exempted under section 4906, and the failure of the officer to apprise the defendant of his rights as the statute prescribes can not be taken as a substitute for the selection of the property levied upon.

*Appeal from the Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED.

*C. C. Bigger* for appellant.

(1) The debt due from Thomas to plaintiff, which was collected under the garnishment, was not such property as the statute (R. S. 1889, sec. 4903) specifically exempts from execution to the head of a family, but becomes exempt only when claimed in lieu of specifically exempt property under the provisions of Revised Statutes, 1889, section 4906. And unless the plaintiff so selected and claimed said debt as exempt to him as the head of a family, it was subject to the garnishment proceeding. *Alt v. Bank*, 9 Mo. App. 91; *Hombs v. Corbin*, 20 Mo. App. 507; *Stotesbury v. Kirtland*, 35 Mo. App. 148; *State to use v. Koch*, 40 Mo. App. 635; *Holliday v. Mansker*, 44 Mo. App. 465; *Finley v. Barker*, 110 Mo. 408. (2) The execution creditor has a right to assume that the officer, in levying an execution, will do so in strict conformity to the

law, and when the officer fails to notify the execution debtor of his right to select other property in lieu of that which the statute specifically exempts, he, and not the execution creditor, becomes liable to the execution defendant. *State to use v. Romer*, 44 Mo. 99; *State ex rel. v. Beamer*, 73 Mo. 37; *State ex rel. v. Barnett*, 96 Mo. 133.

*O. F. Libby* and *Chas. K. Hart* for respondent.

If the appellant or his attorney directed the garnishment by the constable, Wooley, or by subsequent acts, as by receiving the money, knowing the source from which it came, we submit that appellant's receiving the proceeds of the levy on respondent's exempt property was a ratification of the officer's acts, and as appellant received the money derived from the wrongful levy and garnishment, the respondent can properly maintain this action and the judgment and finding of the trial court was proper. Freeman on Executions, sec. 373; *Albricht v. Tietrichke*, 17 Neb. 205; s. c., 22 N. W. Rep. 418; *Holliday v. Mansker*, 44 Mo. App. 466; *State ex rel. v. Emerson*, 74 Mo. 607. In general, all who aid in the commission of a trespass are liable jointly or severally at the election of the party entitled to the action. Freeman on Executions, sec. 373.

GILL, J.—In November, 1893, Williamson, who is defendant in this suit, had a judgment against Davis, the above named plaintiff. On an execution issued thereon, the constable, by Williamson's direction, served a notice of garnishment on one Thomas, who appeared before the justice, admitted that he owed Davis $62.25, and to discharge himself Thomas paid that amount over to the constable, which was then applied to the payment of Williamson's judgment.    Subse-

quently Davis brought this action for damages against Williamson to recover the amount received by the latter from said garnishee Thomas—claiming that he (Davis) was entitled to that money as exempted property. On a trial before the circuit court, without the aid of a jury, there was a judgment in plaintiff's favor and defendant appealed.

Under the laws of this state an execution debtor is allowed to retain certain articles of property as exempt. These are definitely pointed out in section 4903, Revised Statutes, 1889. The first and second subdivisions of that section name as absolutely exempt from execution a certain number of hogs, sheep, cows, farming implements, work animals, etc. Then follows section 4906, which provides that "each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 4903 may select and hold exempt from execution, any other property, real, personal, or mixed, or debt or wages not exceeding in value the amount of three hundred dollars." Then, further, section 4907 makes it the duty of the constable or sheriff, before levying the execution, to advise the debtor of his rights under the foregoing sections.

The evidence shows that the plaintiff (Davis, who was defendant in Williamson's judgment) was at the date of the garnishment the head of a family, and he testified that he had then no property subject to execution. He also testified that the constable did not advise him (Davis) of his exemption rights. The constable, on the other hand, denied this, and on oath stated that he did apprise Davis of his rights in that respect. Since, however, the court found the issues for plaintiff, we shall assume the facts to be as related by Davis and that the

EXECUTIONS: exemptions: specified or selected property: failure to advise of exemptions.

constable failed to advise him of his exemption rights under the statute.

The question now is, should the defendant, under the law and facts above stated, be held liable for the levy of his execution on the debt which the garnishee Thomas owed the plaintiff, and which the latter claims was exempt from execution.  We think not.  Thomas' indebtedness to Davis was not one of those articles which the statute specifically and absolutely exempted from execution.  Said chose in action could only be classed as exempt *when selected* by the execution debtor in place, or in lieu, of those articles mentioned in the first and second subdivisions of section 4903.  And *until* so selected by the execution defendant such property was not exempt but was subject to levy.  In this case the execution defendant did not select the Thompson debt and thereby manifest his election to hold the same as exempt in lieu of other specific exemptions. And, failing to do so, said claim retained its former status as property liable to execution.  It could not take on the character of exempt property until the option of selection was exercised by the debtor.  The following authorities sustain this course of reasoning: *Alt v. Lafayette Bank,* 9 Mo. App. 91; *Hombs v. Corbin,* 20 Mo. App. 497–507; *Stotesbury v. Kirtland,* 35 Mo. App. 148; *Frost v. Shaw,* 3 Ohio St. 270; *State v. Morgan,* 3 Ired. 186–192; *Stewart v. Stewart,* 65 Mo. App. 663; *Finley v. Barker,* 110 Mo. 408.

The defendant Williamson is not, then, under the facts shown in evidence, chargeable with directing the levy of an execution on the plaintiff's exempt property. The property seized was not then exempt.  It could only become so by the exercise of the right of selection in the execution defendant.  The harm (if any) done this plaintiff was because of the constable's failure to advise him of his exemption rights, so that he might

have exercised his privilege of selection.    But this defendant can not be held for this negligence or mistake of that officer.    There is nothing in the evidence which . even tended to prove that such conduct of the constable was under the direction or countenance of the defendant.    And, in the language of Judge BARCLAY, in the case last cited, we may say:    "The failure of the levying officer to notify the defendant (in the execution) of his right to select certain property can not logically impress an exemption upon defendant's property that has never been, in fact, selected.    Until the selection is made, the property is subject to levy.    If the defendant has sustained injury in consequence of the failure to apprise him of his right (as the law prescribes) that injury can not be taken as a substitute for the selection of the property sold, which the defendant might or might not have made."

The judgment of the circuit court will be reversed. All concur.