JOHN E. CASTILE V. BENJAMIN F. FORD ET AL.

FILED JANUARY 19, 1898.   No. 7779.

1. **Defect of Parties:** OBJECTION.  A defect of parties plaintiff appearing on the face of the petition must be objected to by demurrer on that ground, or it will be waived.

2. **Executions:** EXEMPT PROPERTY: WRONGFUL SEIZURE: DAMAGES. The seizure and retention of exempt property, known by the officer to be exempt, and after its exempt character has been legally established, constitute an abuse of process for which the officer is liable.  The judgment plaintiff will be liable also, if, knowing the facts, he advised the seizure or retention or participated in the officer's acts.

3. ——: ——: ——: ——.  In such case the ultimate return of the property goes only in mitigation of damages; it is no defense to the action.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.  *Reversed.*

*B. N. Robertson* and *C. W. Young,* for plaintiff in error.

*Cavanagh & Thomas, contra.*

IRVINE, C.

Castile alone brought this action against Ford and Daley, who were constables, the Consolidated Coffee Company, and William Preston & Co., alleging in the petition that on the 5th day of December, 1892, the Consolidated Coffee Company and Preston & Co., each having judgments against Matilda Castile, the wife of plaintiff, caused executions to be issued thereon and placed in the hands of Daley for service; and that "on the —— day of December, 1892," Daley levied upon certain chattels "of plaintiff and Matilda Castile."  Facts are stated constituting such property exempt from execution, and it is alleged that the defendants, confederating together to oppress and harass the plaintiff, and knowing the property to be exempt, seized and withheld it, and threatened to

sell it. Plaintiff obtained from the district court of Douglas county an injunction perpetually restraining Daley from selling the property; whereupon the defendants caused Daley to deliver it to Ford who levied upon it by virtue of other executions issued at the instance of the coffee company and Preston & Co. Plaintiff filed the appropriate affidavit and inventory to procure its release, and the defendants, in pursuance of said combination and confederation, refused to surrender it; whereupon, at the suit of plaintiff, a writ of mandamus was issued by the district court requiring the release of the property on the "—— day of January, 1893." Special damages are pleaded by way of injury to the goods, because of their detention, for loss of time, and for attorneys' fees expended in procuring the release of the goods. Early in the trial objection was made to the introduction of any evidence on the ground that the petition did not state a cause of action, in that it alleged that the property was the joint property of husband and wife while the husband sued singly. The court sustained the objection and a dismissal followed. The action of the trial court cannot be sustained on the ground stated in the objection. The defect suggested was, at most, a defect of parties plaintiff. This appeared on the face of the petition and was waived by failure to demur on that ground. (Code of Civil Procedure, secs. 94, 96.) We need not, therefore, consider whether the point would have been well taken had it been seasonably raised. Otherwise there can be no doubt that a cause of action was stated. The petition alleged a willful and malicious attempt to seize and sell property known to be exempt, and a second attempt after the first failed. Whether or not an officer is liable for seizing exempt property in the absence of a claim for exemption, there can be no doubt that he is liable for withholding it after the exemption is established, or for seizing it again for the same debt. The petition in this respect charges a flagrant abuse of process, and charges that it was the result of a conspiracy in which all the defendants

participated. They would in such case be jointly liable with the officer. (*Murray v. Mace*, 41 Neb. 60.) In such case the fact that the goods were ultimately returned goes only in mitigation of damages; it is not a defense. Plaintiff would still be entitled to recover all other damages available in cases of trespass. We need not determine whether a recovery could be had for all the special damages here pleaded. The district court did not proceed far enough to reach that question. There could certainly be a recovery for the detention of the property, and for injuries done to it while in the defendants' possession. It is asserted that there is no allegation of any withholding, but in this assertion counsel err. The petition in effect alleges a withholding from the "—— day of December, 1892," to the "—— day of January, 1893." While these dates are not certainly stated and the petition in that respect may have been open to motion, the averments are sufficient against a general objection on the trial.

REVERSED AND REMANDED.