## In re WHITE.

### (District Court, W. D. Missouri, C. D. April 2, 1901.)

BANKRUPTCY—EXEMPTIONS—PREFERENTIAL PAYMENTS RECOVERED BY TRUSTEE.
  A bankrupt who has scheduled as his only assets certain household effects, which are specifically exempt under the laws of the state, and which he claims as such, cannot claim out of money recovered by his trustee from creditors to whom he had made preferential payments a further exemption under Rev. St. Mo. 1899, § 3162, which authorizes a debtor who is the head of a family to "select and hold" as exempt other property not exceeding $300 in value. He not only loses the right, under the decisions of the state courts, to claim exemptions from property not specifically exempt by its transfer to another, but he cannot "select and hold" as exempt in bankruptcy proceedings property which he does not schedule nor claim to own.

In Bankruptcy. On question certified by referee.

Wood & Wood, for bankrupt.
Hunter & Kraemer, for trustee.

PHILIPS, District Judge. This case has been certified to the court by John Montgomery, Jr., referee in bankruptcy, on exceptions taken by the bankrupt to the disallowance of his claim to certain property as exempt under the bankrupt act. The case is submitted upon an agreed statement of facts, the substance of which is that the bankrupt was a merchant, and that in November, 1898, while insolvent, he sold his stock of goods to one Hess for the sum of $1,548.25, and paid over the proceeds to certain of his creditors in full for his indebtedness to them. Four days thereafter a petition in bankruptcy was filed against him, and he was duly adjudged a bankrupt, and Horace Stevenson was elected and qualified as trustee of the estate. The only property scheduled by the bankrupt, as constituting his entire assets, was the following:

Household and kitchen furniture, consisting of a cook stove and the vessels belonging thereto, kitchen table and cupboard, queensware, glassware, cutlery, of the total value of...........................  $30
1 bedroom suite, consisting of a dresser, washstand, and bedstead, 10 chairs, 3 beds and bedding, 1 couch, 3 carpets, and 2 heating stoves, of the total value of..............................................  $75
Bible and small family library, of the value of........................  $25

—To which was added the statement by the bankrupt "that he claims all the above property, and three hundred dollars in addition thereto, as exempt under the provisions of the bankrupt law aforesaid, and

under the laws of Missouri." Afterwards the trustee, under the direction of the court, brought suits against the preferred creditors, and recovered therein the sum of $1,060.15, out of which have been paid the costs of the litigation and attorneys' fees. There were no other assets of the estate. After this adjudication and recovery, the bankrupt lays claim to $300 of the proceeds of said recoveries as exempt. None of the goods sold by the bankrupt to said Hess included any of the articles specifically exempted by the statute of the state. The exemptions accorded to a bankrupt under the bankrupt act (section 6) are such only, "as are prescribed by the state laws in force at the time of filing the petition in the state wherein" the bankrupt had his domicile for the six months, or the greater portion thereof, immediately preceding the filing of the petition. It is conceded that the bankrupt was so domiciled in the state of Missouri for the prescribed period preceding the filing of the petition. As the bankrupt act gives to the bankrupt only such exemptions as are prescribed by the state laws, his right to the exemption claimed is to be determined by the state law as construed by the state courts. A transfer of the stock of goods by a bankrupt, for the benefit of his creditors, while insolvent, and within four months prior to the filing of the petition in bankruptcy, was a preference, and a recovery of the proceeds thereof from the preferred creditors is an adjudication of the fact that such creditors took with knowledge of the bankrupt's insolvency, and therefore his transfer was fraudulent and voidable. Under the Missouri statute (section 4903, Rev. St. 1889, now section 3159, Rev. St. 1899) certain property owned by the insolvent is absolutely exempt from liability for his debts. This exemption is practically all the property scheduled by the bankrupt. Section 4906, Rev. St. 1889, now section 3162, Rev. St. 1899, provides that "each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 3159, may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars." The bankrupt, being the head of a family, lays claim to $300, under the latter provision of the statute. It would be a work of supererogation for the court to review the conflict of authorities upon the question as to whether or not the insolvent debtor loses his right to claim $300 exemption in property which he has fraudulently conveyed, as the construction of the statute in question made by the state courts controls in this case. It is the well-settled rule in this state that as to the property not specifically exempted from liability for debts of the insolvent by said section 3159, where the insolvent has conveyed property out of which he might have claimed the $300 exemption, under said section 3162, in fraud of his creditors, and both the possession and title have passed from him to such vendee, which property his creditors recover by suit, or the value thereof, from the transferee, he is not entitled to claim $300 out of the proceeds. Stotesbury v. Kirtland, 35 Mo. App. 148; Hombs v. Corbin, 20 Mo. App. 497; Osborne v. Schutt, 67 Mo. 712. In State v. Pruitt, 65 Mo. App. 154, Rombauer, P. J., speaking for the court of appeals, held that where the debtor, by his sale of the property, had

parted with the possession, "whether such sale was fraudulent or was made in good faith," this deprived him of his status to claim an exemption therein; and, if the sale was consummated by delivery, the title passes, and he has no right, as against a creditor seizing the same and subjecting it to his debt, to claim the same as exempt. Aside from the foregoing ground, on which the referee based his finding, there is apparent on the face of the proceedings in bankruptcy a fatal objection to the bankrupt's claim of exemption. He did not schedule this property as a part of his assets. He did not even claim to own it, or to have any right or claim thereto, as against his vendee or creditors to whom he paid the proceeds. He was not entitled to any exemption as against his immediate vendee, and certainly not as against the creditors to whom he delivered the proceeds of the sale. The statute (section 4162) confers upon the bankrupt the right to "select and hold, exempt from execution, any other property * * * not exceeding in value the amount of three hundred dollars." To entitle him to this exemption, he must first select the other property out of which he claims it. The property "could only be classed as exempt when selected by the execution debtor in place or in lieu of those articles mentioned in the first and second subdivisions of section 4908 (section 3159, supra). And, until so selected by the execution defendant, such property was not exempt, but was subject to levy and, failing to do so, said claim retained its former status as property liable to execution. It could not take on the character of exempt property until the option of selection was exercised by the debtor." Davis v. Williamson, 68 Mo. App. 307; Finley v. Barker, 146 Mo. 408–410, 20 S. W. 177. The bankrupt in this case, prior to the institution of the suits by the trustee to recover from the preferred creditors the money in question, made no selection of any property out of which his $300 was to come. He scheduled no other property than that which was absolutely exempt under said section 3159, and which he claimed as exempt, and which he withheld from the trustee. How was it possible for the trustee in bankruptcy to comply with the statute to set off to this bankrupt $300 worth of property as exempt which he did not schedule? Under rule 17 of general orders in bankruptcy (32 C. C. A. xix.; 89 Fed. viii.), it is made the duty of the trustee to report to the court, within 20 days after receiving notice of his appointment, the articles set off to the bankrupt by him, with the estimated value of each article. How could the trustee comply with this requirement of the law in respect of the property in question? The bankrupt had not scheduled it. He made no selection of $300 worth of property out of any particular property. He did not even claim this property as a part of his assets. The law would be a mockery, and permit a party to take advantage of his own wrong, if after having transferred his property in fraud of the bankrupt act, and compelling the trustee in bankruptcy, at the expense of the estate, to engage in protracted litigation, to uncover his fraud, and recover the proceeds of the property from the wrongdoers, the bankrupt could stand quietly by, and then come in and make his selection of $300 in money out of the fruits of the litigation necessitated by his wrong and fraud. He is within

neither the letter nor the spirit of the law. It results that his exceptions to the action of the trustee and the referee in disallowing his claim are overruled, and the ruling of the referee is affirmed.