BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1909.

---

## WILLIAM PARKETON, Respondent, v. J. B. PUGSLEY, Appellant.

**St. Louis Court of Appeals, October 2, 1909.**

1. **EXECUTIONS: Exemptions: Constables: Duty of Constable to Notify Execution Debtor of Exemptions: Liability on Official Bond.** An action will lie on the official bond of a constable who levies on, and sells, personal property, some of which is exempt under the statute, to satisfy an execution in his hands, where he fails to apprise the execution debtor of his right to hold certain property exempt from execution and disregards the request of such debtor to set aside his exemptions.

2. **————: ————: Liability of Plaintiff in Execution for Wrongful Levy.** To sustain an action against the execution plaintiff for directing an officer to levy upon and sell property that is exempt, if such property be not specifically exempted by statute, it is essential for it to be brought within the protection of the statute, by the performance of the necessary antecedent acts on the part of the execution defendant.

3. **————: ————: Liability of Officer for Wrongful Levy.** Where an officer seizes and sells property absolutely exempt under the statute, he may be sued either in trespass or trover, and when the property so seized is in his possession, before sale, an action of replevin will lie.

4. ———: ———: ———: **Liability of Execution Plaintiff, who Directs Wrongful Levy.** Where an execution plaintiff or creditor directs an officer to seize and sell property absolutely exempt under the statute, such execution plaintiff or creditor is liable for the trespass or conversion to the same extent as the officer, and an action therefor will lie against him alone or against him and the officer jointly.

5. ———: ———: **Two Horses and Two Cows Specifically Exempt.** Where, to satisfy an execution, a constable levied upon and sold eight horses and six cows, being all the horses and cattle owned by the execution debtor, he levied upon and sold at least two horses and two cows which were absolutely exempt under Section 3159, Revised Statutes 1899.

6. ———: ———: **Waiver of Right of Exemption.** The right of exemption is a personal privilege, which the debtor may waive; and a debtor who asserts his right of election, under Section 3162, Revised Statutes 1899, to take $300 worth of other property, in lieu of that specifically exempted under the first and second subdivisions of section 3159, waives his right to claim the property specifically exempted, and in such case, if any such property is to be treated as exempt at all, it must acquire that *status* by reason of its being selected, along with other property, in lieu of that which is specifically exempted.

7. ———: ———: **Absolute and Conditional Exemptions: Antecedent Acts Required by Debtor, When.** Where property is specifically exempted by statute, it continues to be such until the right to it is waived; but, where property may be rendered exempt only by virtue of selection by the debtor, he must perform the acts contemplated by statute, to render such property exempt.

8. ———: ———: **Conditional Exemptions: Debtor Must Select Property to be Exempted.** A demand by an execution debtor that the officer set off his exemptions, without selecting the property he desired as exempt in lieu of that specifically exempted, did not operate to render any portion of such property exempt. It devolved upon him to make the selection, and the officer could not perform that act for him.

9. ———: ———: ———: ———: **Appraisers.** Until an execution debtor, electing to take property under Section 3162, Revised Statutes 1899, in lieu of property specifically exempted by the first and second subdivisions of section 3159, makes his selection, the officer to whom the execution is directed need not summon appraisers, as provided by section 3163.

10. ———: ———: **Liability of Plaintiff in Execution.** In the absence of a conspiracy or fraud operating to defeat the exemption right, the execution plaintiff is liable to respond only as for a trespass, when he directs a levy on, or sale of, exempt property.

11. ———: ———: ———. Where the execution debtor waived his right of exemption under the first and second subdivisions of Section 3159, Revised Statutes 1899, to property specifically exempted, and failed to impress the character of exempt property upon any of that involved, by making the selection required by section 3162, none of the property levied on and sold acquired the character of exempt property, and an action would not lie against the execution plaintiff on the theory he had directed the levy on and sale of exempt property.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort,* Judge.

REVERSED.

*Wammack & Welborn* for appellant.

(1) The court erred in refusing defendant's instruction in the nature of a demurrer to the evidence, because the plaintiff failed entirely in proving the cause of action alleged in his petition. Ranning v. Railroad, 157 Mo. 477; State ex rel. v. O'Neil, 78 Mo. App. 20; Priest v. Way, 87 Mo. 16. (2) The property exceeding $310 in value, and there being a greater number of the articles specifically exempt, viz.: horses and cattle, than the law allowed him, it was all primarily subject to levy and became exempt only after plaintiff had selected the articles he desired to hold. Holliday v. Mausker, 44 Mo. App. 469; Hombs v. Corbin, 34 Mo. App. 398; Statesbury v. Kirtland, 35 Mo. App. 154; Dayus v. Burnham, 82 Mo. App. 542; Harrington v. Smith, 14 Col. 376; Boylston v. Rankin, 114 Ala. 408; Thubault v. Lemon, 39 Ore. 280, 64 Pac. 449. (3) Consequently, even if defendant can be said to have assisted in levying on the property, he was not guilty of any wrong. The wrong, if any, was committed by the con-

stable in not permitting plaintiff to select his exemptions when plaintiff demanded them before the sale, but for this dereliction on the part of the constable, the defendant. is not liable. Davis v. Williamson, 68 Mo. App. 310. (4) This property being subject to levy, the plaintiff, before he could recover in any action, would have been compelled to show that the defendant conspired with the constable to defraud plaintiff of his exemption rights or that he accepted the proceeds of the sale; knowing plaintiff had been defrauded of his exemption rights. Davis v. Williamson, 68 Mo. App. 310. (5) And in conversion, the only action pleaded here, the burden is on the plaintiff to show that the property is exempt. And he cannot recover for conversion of exempt property upon a showing that the constable refused to permit him to select his exemptions out of property primarily subject to levy. If the property was not specifically exempt, he must show that it had been selected as exempt, and the burden is upon him to show this. Thompson, Homesteads and Exemptions, sec. 879. (6) The plaintiff was not injured by what defendant did, as is shown by the fact that the latter went to the constable and asked his exemption. The wrong was done at this time. But the defendant had nothing to do with this. He had a right to presume that, if the constable had not already protected plaintiff in his exemptions, he would do so. State v. Lord, 118 Mo. 1.

*H. S. Green* for respondent.

(1) No exceptions were saved to the admission or rejection of the testimony in this cause, and consequently no errors in that department of the trial can be urged in this court. Hall v. Jennings, 87 Mo. App. 627; Roe v. Bank, 167 Mo. 406; McVey v. Barker, 92 Mo. App. 498. (2) The court properly refused to give the instruction asked by defendant, because there was

substantial evidence of every material fact necessary for the plaintiff to prove in order to recover in this cause, and whether such facts were proved or not was a question for the jury and not for the court. Padgitt v. Wall, 159 Mo. 143; Caris v. Nimmons, 92 Mo. App. 66; McVey v. Barker, 92 Mo. App. 498; Jackson v. Fulton, 87 Mo. App. 228. (3) The constable was a trespasser, and if the defendant encouraged him to commit the trespass, he is as guilty of wrong as the constable himself, and is liable in damages to the same extent as the constable. Wamsgamz v. Wolff, 86 Mo. App. 205.

NORTONI, J.—This is a suit in conversion. Plaintiff recovered and defendant appeals. The controversy arises out of the sale of plaintiff's property by the constable under execution at the instance and request of defendant. The case proceeds upon the theory that the property levied upon and sold by the constable at the instance of defendant was exempt from execution and therefore defendant should compensate plaintiff on account of the wrong done in directing the constable to sell the same. It appears the present defendant sued the present plaintiff and recovered a judgment against him on an account for groceries. Execution was issued on this judgment and at the instance and request of the present defendant, the writ was levied by the constable upon certain personal property owned by the present plaintiff, who was defendant in the execution. The constable advertised the property levied upon, and sold the same at public vendue. The proceeds of the sale amounted to nearly six hundred dollars, which he applied to the payment of the judgment of the present defendant against plaintiff and satisfied the execution. The constable also paid off two or three small chattel mortgages outstanding against the property levied upon and sold. After paying off the chattel mortgages on the property and satisfying the execution, there remained of the proceeds of the sale less than twenty dol-

lars in the hands of the constable. The property levied upon by the constable and sold under the execution consisted of eight horses, three log-wagons, six milch cows, and four heifers. It appears this was all of the property which the plaintiff in this action, the defendant in the execution, owned, unless it be a small amount of household goods specially exempted by the statute and not involved here. Plaintiff here and defendant in the execution, was a married man, the head of a family, and resided with the same in Stoddard county in this State. This suit is not against the constable as for a wrongful levy and sale, but instead, it is against the plaintiff in the execution, under which the sale was had. That is to say, the suit proceeds against the creditor for having pointed out the property and instructed the constable to levy upon and sell the same for the purpose of satisfying his debt.

There is no evidence whatever in the case tending to prove that the defendant conspired in any manner with the constable in order to defeat the exemption rights of the present plaintiff. On the contrary, the proof only goes to the effect that the present defendant, as plaintiff in the execution, pointed out the several head of cattle levied upon and directed the constable to levy upon and sell the same. However, a reasonable inference arises to the effect that the defendant, plaintiff in the execution, directed the constable as well to levy upon and sell the several head of horses mentioned. The constable made two visits to the home of the present plaintiff in order to levy the writ. Upon the occasion of his first visit, he levied upon the eight horses and removed them from plaintiff's premises. Not being able to locate the six milch cows and four heifers owned by the present plaintiff, who was defendant in the execution, the present defendant, plaintiff in the execution, accompanied him and pointed out the cattle. But as said there is a reasonable inference arising from the whole testimony that the present defendant directed

the constable to levy upon and sell the horses as well as the cattle. The suit is not for the value of such property levied upon as is absolutely exempt from execution under our statute, but instead, proceeds upon the theory that plaintiff waived his right to the property specifically exempt and seeks a recovery as for property exempt by virtue of his selection under the provisions of our statute authorizing the execution defendant to select $300 worth of other property in lieu of that allowed under the first and second subdivisions of section 3159, Revised Statutes 1899. The jury awarded plaintiff a verdict of $300 actual and $150 punitive damages.

Our statute, section 3159, Revised Statutes 1899, declares a considerable amount of personal property to be exempt from attachment and execution when owned by the head of a family. Among other things therein mentioned are articles pertaining to the household, kitchen furniture, family wearing apparel, etc. With this portion of the section we are not concerned, however. The first and second subdivisions of that section are as follows: "The following property when owned by the head of a family, shall be exempt from attachment and execution: first, ten head of choice hogs, ten head of choice sheep, and the products thereof in wool, yarn or cloth; two cows and calves, two plows, one ax, one hoe and one set of plow gears, and all necessary farm implements for the use of one man; second, two work animals and feed of the value of twenty-five dollars for the stock above exempted." Another section of the statute, section 3162, Revised Statutes 1899, provides that each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section 3159 last quoted, may select and hold exempt from execution, any other property, real, personal or mixed, or debts and wages not exceeding in value the amount of three hundred dollars. It seems plaintiff, who was defendant in the execution, did not

own all the items of property mentioned in the first and second subdivisions of section 3159 quoted; therefore he preferred to select other property in lieu thereof, as authorized by the provisions of section 3162. However this may be, he made no selection of the property whatever. At the time the constable made the levy and possibly a second time before the sale was made, plaintiff said to the constable: "I demand you to set aside my exemptions." The constable gave no heed whatever to this demand, but, on the contrary proceeded with the levy, and in due time sold the property at execution sale. Another section of our statutes, section 3163, Revised Statutes 1899, enjoins the duty upon the officer holding the execution to apprise the person against whom the execution is issued of his exemption rights under sections 3159 and 3162. That section is as follows:

"It shall be the duty of the officer in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt under sections 3158, 3159 and 3162, and his right to hold the same as exempt from attachment and execution; and such officer shall summons from the neighborhood three disinterested householders, who, after being sworn honestly and impartially to appraise the property exhibited to them, shall proceed to appraise and set apart to said defendant the property exempt to him under this chapter."

We have recently declared the provisions of this section to be mandatory. [Irondale Bank v. Terrill, 135 Mo. App. 472, 116 S. W. 481.] And we entertain no doubt whatever that were this an action against the constable on his official bond for a breach of this obligation, enjoined by the statute, a recovery should be sustained on the facts of this case. This for the reason the constable not only disregarded the pointed command of the statute by failing to inform the present plaintiff, who was defendant in the execution, of his rights thereunder, but he disregarded the request

of the plaintiff as well. Especially is this true in view
of the fact that plaintiff here, and defendant in the ex-
ecution, demanded that the constable should set aside
his exemption. Such conduct on the part of the levying
officer has been denounced by our Supreme Court as
wrongful, oppressive and contrary to the mandate of
the statute. It was said, too, that it rendered the con-
stable liable to an action on his bond. [State to use
Regan v. Romer, 44 Mo. 99.] However this may be, the
doctrine referred to does not obtain against the present
defendant on the facts of the case now in judgment. An
action against the constable on his bond under the cir-
cumstances stated, predicates and proceeds upon the ob-
ligation enjoined against the constable by the statute
quoted; whereas, in the present action, against the
plaintiff in the execution—that is, in the present action
against the creditor who pointed out the property and
directed the constable to levy upon and sell the same—
there is no particular obligation enjoined by law com-
manding the creditor to notify the defendant in the ex-
ecution of his exemption rights and there is no bond
of the creditor by which such statutory obligation is as-
sumed.. This suit, instead of proceeding on the obliga-
tion enjoined by the statute upon the constable, pro-
ceeds upon the theory that the plaintiff in the execu-
tion directed the constable to do an unlawful act in
selling the property which was exempt from levy and
sale. Therefore, in order to sustain the action, it is
essential for the property levied upon and sold, to be
exempt. That is to say, if it be not property specifically
exempted by the statute, it is essential for it to have been
brought within the protection of the statute by the per-
formance of the necessary antecedent acts on the part
of the execution defendant. [Wymond v. Amsbury, 2
Colo. 213; Finley v. Barker, 110 Mo. 408; Davis v. Wil-
liamson, 68 Mo. App. 307; Alt v. Lafayette Bank, 9 Mo.

142 App—35

App. 91.] There can be no doubt of the general doctrine that where the officer seizes upon and sells property absolutely exempt under the statute, he may be proceeded against for damages. He may be sued either in trespass or in trover as for conversion, and indeed, when the property is still in his possession and before the sale, an action for replevin or claim and delivery will lie.   This doctrine obtains with respect to such items of property as are specifically exempted by the statute, for the reason such property is not subject to levy in the first instance and the officer is, therefore, a trespasser. Under such circumstances, the obligation of the officer to answer for his wrong obtains, wholly irrespective of his bond. The matter inheres in the trespass. [12 Amer. and Eng. Ency. Law (2 Ed.), 249, 250; State v. Moore, 19 Mo. 369, 61 Am. Dec. 563; Fisenhauer v. Dill, 6 Ind. App. 188; Wittington v. Pence (Ky.), 38 S. W. 843; Wickhoff v. Wyllis, 8 Mich. 48; Castile v. Ford, 53 Neb. 507; Livor v. Orser, 5 Duer (N. Y.) 501; Com. v. Stockton, 5 T. B. Mon. (Ky.) 192.]   The identical doctrine last referred to obtains as well with respect to a creditor or plaintiff in the execution who directs an officer to levy upon and sell exempt property thereunder or otherwise participates in such a trespass. Such creditor or plaintiff in the execution is liable for the trespass or conversion to the same extent as the officer, and the execution defendant may maintain an action for damages either against him alone or against him and the officer jointly. However, it is fundamental to this doctrine that the property levied upon and sold by the officer or by direction of the creditor or plaintiff in the execution, must be exempt from levy and sale. On this proposition, authorities are abundant throughout the American jurisdictions where the principles of the common law prevail. [Mitchell v. Corbin, 91 Ala. 599; Atkinson v. Gatcher, 23 Ark. 101; Haswell v. Parsons, 15 Cal. 266; Pate v. Swann, 7 Blackf. (Ind.) 500; Huse-

man v. Sims, 104 Ind. 317; Douch v. Rahner, 61 Ind. 64; Mullaney v. Humes, 48 Kas. 368; Collett v. Jones, 7 B. Mon. (Ky.) 586; Spencer v. Brighton, 49 Me. 326; Walcott v. Pomeroy, 2 Pick. (Mass.) 121; Murphy v. Sherman, 25 Minn. 196; Matthews v. Redwine, 25 Miss. 90; Albrecht v. Treitschke, 17 Neb. 205; Union Pac. Ry. Co. v. Smersh, 22 Neb. 751; O'Connor v. Walter, 37 Neb. 267; Murray v. Mace, 41 Neb. 60; Castile v. Ford, 53 Neb. 507; Elder v. Frevert, 18 Nev. 446; Bonnel v. Dunn, 29 N. J. L. 435; Pozzoni v. Henderson, 2 E. D. Smith (N. Y.) 146; Wilson v. McElroy, 32 Pa. St. 82; Gilleland v. Rhoads, 34 Pa. St. 187; Alsup v. Jordan, 69 Tex. 300; Hart v. Hyde, 5 Vt. 328; 12 Amer. & Eng. Ency Law (2 Ed.), 250.]

As before stated, this suit predicates and proceeds upon the doctrine referred to, that is, upon the theory that the present defendant who was the creditor and plaintiff in the execution, pointed out the property and directed the constable to levy upon and sell the same. Now it appears that the constable levied upon all of the cattle and all of the horses owned by the plaintiff who was defendant in the execution. This being true, he levied upon and sold at least two horses and two cows which were absolutely exempt. Had the plaintiff seen fit to do so, he might have recovered in this action the value of such horses and two cows. By the first and second subdivisions of section 3159, these animals are rendered absolutely exempt from levy in the first instance. Be this as it may, the right of exemption is a personal privilege which the debtor may waive if he chooses to do so. [Osborne v. Schutt, 67 Mo. 712; Holmes v. Corbin, 20 Mo. App. 497; Stotesbury v. Curtland, 35 Mo. App. 148, 155.] By asserting his right of election under section 3162 to take $300 worth of other property in lieu of that rendered absolutely exempt in the first and second subdivisions of section 3159, plaintiff waived his right to claim the two horses and two cows referred to as exempt under the provisions of sec-

·tion 3159. That is to say, having elected to proceed for the full three hundred dollar value under the statute affording him the right of election in that behalf, he voluntarily surrendered his right to claim the two horses and two cows as otherwise absolutely exempt. Therefore, in this proceeding if such property (the two horses and two cows) is to be treated as exempt at all, it must acquire the character or *status* of exemption from the fact that it has been selected by him along with other property in lieu of that which is specifically exempted by the provisions of section 3159. This for the reason that by electing to proceed for the three hundred dollars in value under section 3162, plaintiff waived his right to the absolute exemption in respect of the two horses and two cows. Now it appears that the plaintiff, who was defendant in the execution, made no selection whatever touching the property which he desired to retain as exempt in lieu of that specified in subdivisions one and two of section 3159. When property is specifically exempt by the statute, it of course continues to be such until the right with respect to it is waived, for the reason that the statute has pointed out and designated it as exempt. However, the rule is not identical with respect to that property which may be rendered exempt only by virtue of the choosing of or selection by the debtor. In such cases, the property not being specifically exempt by the statute, it appears to be primarily subject to levy and sale and it is essential for the execution debtor not only to assert his right but to perform such other antecedent acts as are contemplated by the statute in order to impress the character of exemption upon it. In other words, the property absolutely exempt is rendered so by *specification* of the statute, while property which attains the *status* of exemption only through the act of selection or choice by the execution debtor, is impressed with the character of exemption by the commingling of the authority to that end conferred by the statute, and the specific acts

required on the part of the execution debtor. Such property is afforded the protection of the statute as exempted property only after it has actually been selected as exempt. Our Supreme Court has pointedly decided that the mere fact the levying officer failed to notify the defendant in the execution of his right to select certain property, cannot impress the right of exemption upon it, if it has never been selected by the debtor as exempt, in lieu of other property. In that case, the court said: "Until the selection is made, the property is subject to levy." [Finley v. Barker, 110 Mo. 408; see also Davis v. Williamson, 68 Mo. App. 307; Stewart v. Stewart, 65 Mo. App. 663.] Although the officer must inform the debtor of his right of selection, the principle runs through the law to the effect that where the property is not itself exempt, the debtor should manifest his intention in that behalf by *actually selecting* the same in lieu of the other property which is specifically exempt. [Alt v. Lafayette Bank, 9 Mo. App. 91, 95.] It has been decided, too, by a court of high authority, that the mere demand by an execution defendant of his right to select the property or demand upon the officer to set off his exemptions is not equivalent to making a selection. In that case it is said: "It is not the duty of the constable to set apart the exempt property unless the claimant pointed out such property, when the seizure embraced other property rightfully taken, and the exempt property was not specifically exempt by statute." [Schwartz v. Birnbaum, 21 Colo. 21, 26; Davis v. Williamson, 68 Mo. App. 307; see also Wymond v. Amsbury, 2 Colo. 123; Thompson on Homesteads and Exemptions, sec. 879; 12 Amer. and Eng. Ency. Law (2 Ed.), 233, 234.] It therefore appears, even though plaintiff, who was defendant in the execution, demanded the constable to set off his exemptions without selecting the property he desired as exempt in lieu of that mentioned in the first and second subdivisions of section 3159, this de-

mand did not operate to render any portion of such property exempt for the reason it devolved upon him to select the same. The constable could not perform the act of selecting the property for him. The execution debtor alone is given authority by the statute to make the selection. [Davis v. Williamson, 68 Mo. App. 307; Finley v. Barker, 110 Mo. 408; Alt v. Lafayette Bank, 9 Mo. App. 91, 95.] The provision in section 3163, to the effect that the officer shall summon from the neighborhood three disinterested householders to appraise the property exhibited to them and set apart the same to the defendant as exempt, does not obtain on the facts of this case in a suit against the creditor or plaintiff in the execution, until after the execution defendant has actually made the selection. The statutes, section 3162, authorizes him to select property to the value of three hundred dollars in lieu of that mentioned in the first and second subdivisions of section 3159. We understand that the appraisers to be assembled by the officer are to give judgment upon the property chosen by the execution debtor after its selection, and until then, this statute is without influence in the particular circumstances of this case. None of the property involved in this suit having been selected by the plaintiff, who was defendant in the execution, none of it acquired the character of exempt property. It not having acquired the character of exempt property, the prerogatives incident thereto did not attach to it. Under the circumstances of the case, all of the property involved save the two horses and two cows mentioned, was primarily subject to the levy under the execution. It being primarily subject to the levy, it was subject to sale as well, for the reason the defendant in the execution, plaintiff here, omitted to perform the essential act of selection which would operate to impress the right of exemption upon it. Touching the matter of the two horses and two cows absolutely exempt in the first instance, the right of absolute exemption as to

them was voluntarily waived insofar as this defendant, the creditor, is concerned, by the institution and prosecution of this suit. Such waiver essentially results in the circumstances of the case. The assertion of the right to property valued at three hundred dollars under section 3162, in lieu of the absolute exception allowed by the first and second subdivisions of section 3159 in and of itself involves a renunciation of all right to the absolute exemption afforded by the two subdivisions referred to. The two are inconsistent; one may assert either, but not both. In the absence of a conspiracy or fraud operating to defeat the exemption right, the plaintiff in the execution or creditor, is liable to respond only as for a trespass when he has directed a levy upon or sale of exempt property. The trespass in such cases is involved in the wrongful intermeddling with such property as is in the first instance, or has attained the character of, exempted property. Such property is free from the creditor's interference by virtue of the protection afforded by the statute and should not be molested. If, however, it is not specifically exempt, it must be actually selected by the creditor in order to take on the character of exempt property. It appearing that the plaintiff, defendant in the execution, waived his right of exemption under section 3159, in respect of the two horses and two cows absolutely exempt in the first instance and that he failed to impress the character of exempt property upon any of that involved by making the selection required by the statute, it is clear the defendant creditor neither aided nor directed the levy upon or sale of exempt property for the very simple reason that the property had not acquired the character of exempt property which is essential to support the present action.

For the reasons given, the judgment should be reversed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.