In re WISHNEFSKY.

(District Court, D. New · Jersey.   September 27, 1910.)

BANKRUPTCY (§ 399*)—EXEMPTIONS—PROPERTY CONVEYED AS PREFERENCE.

The exemptions given a debtor by the laws of the state and to which he is entitled on his bankruptcy under Bankr. Act July 1, 1898, c. 541, § 6a, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), can only be claimed from property of which he was the owner at the time of his bankruptcy, and he is not entitled to such exemptions out of property which he had previously conveyed to a creditor as a preference or to defraud creditors after it has been recovered by, or surrendered to, his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

In the matter of Jacob Wishnefsky, bankrupt.   On petition to review referee's refusal to permit bankrupt to amend his schedules so as to claim exemption.   Order affirmed.

The referee's refusal is based on the ground that the bankrupt had no title to the goods claimed.   From the testimony taken before the referee and the papers in the case it appears that the bankrupt carried on a small dry goods business at No. 521 South Fifth street, Camden, N. J.; that within four months prior to the filing of the creditors' petition alleging bankruptcy one Samuel Tabak, a brother of the bankrupt's wife, an alleged creditor, recovered a judgment against the bankrupt; that the bankrupt thereupon executed a bill of sale to him of all his stock of dry goods, being all of his property save clothing, that thereupon said Tabak conveyed the same property without change of location to the bankrupt's wife; and that thereafter such business was carried on in her name.   In his schedule the bankrupt claimed to own but $10 worth of property—clothing.   In schedule

B4, relating to property held in trust for debtor, reversion, etc., he mentions "Stock of goods in store No. 521 South Fifth Street, Camden, N. J., to Samuel Tabak," as property heretofore conveyed for benefit of creditors, giving $150 as the "amount realized from proceeds of property conveyed." In schedule B5, relating to exemption, he "claims exemption of personal property under the law of the state of New Jersey to the value of $200." After the bankrupt and his wife had been examined before the referee relative to such transfer, the property upon demand of the trustee was surrendered, counsel for the bankrupt reserving the "right to file an amended petition for the exemption under the law." This petition was subsequently filed, specifically enumerating and separately valuing the articles claimed.

The referee refused to allow the amendment or the exemption claimed, and subsequently the trustee sold the entire property thus surrendered, realizing the sum of $300.

Daniel V. Summerill, Jr., for bankrupt.

Bleakly & Stockwell, opposed.

RELLSTAB, District Judge (after stating the facts as above). Bankrupts are allowed the same exemptions as are prescribed by the laws of the state in which they are domiciled. Bankr. Act (July 1, 1898, c. 541, § 6, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424). The bankrupt is required to submit under oath to the court a schedule of his property showing amount and kind, location, and money value in detail, and a claim for such exemption as he may be entitled to. Section 7, cl. 8. The trustee is to set apart bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after his appointment. Section 47a, cl. 11. And General Order 17 (89 Fed. viii, 32 C. C. A. viii) requires such report to be made within 20 days after receiving the notice of his appointment. Transferring property, with intent to defraud creditors, or, while insolvent, with intent to prefer one of such creditors over others, or while insolvent, suffering a creditor to obtain such a preference through legal proceedings, are acts of bankruptcy. Section 3. All property which within four months of the institution of bankruptcy proceedings, unless the same is exempt from execution and liability for debts by the laws of the bankrupt's domicile, is conveyed or incumbered with intent to defraud creditors, except as to purchasers in good faith, and for a present fair consideration, and all property conveyed or incumbered within the same period, the bankrupt being insolvent, and which operates as a preference, unless the person benefited thereby had no notice that such preference would result, is vested in the trustee as of the date of the bankrupt's adjudication, and is recoverable by him for the benefit of the creditors from any person who is not a bona fide holder for value. Sections 47a (2), 60a, 60b, 67, 70a, 70e. By the laws of New Jersey personal property of every kind, not exceeding in value (exclusive of wearing apparel) the sum of $200, and all wearing apparel or property of any debtor having a family residing in this state, is to be reserved as well after as before the death of the debtor for the use of his family, and shall not be liable to be seized or taken by virtue of any execution or civil process whatever. Gen. St. N. J. 1895, p. 1421, § 35

Bankrupt had a family residing in the state, and if he had not transferred this property now claimed to be exempt, and which transfer was made the basis of the bankruptcy proceedings against him, his right to

181 F.—57

such exemption could not have been successfully resisted. The exemption prescribed by the New Jersey statute is not given to debtors generally. It is limited to debtors having families residing in this state, and their property. It is designed to prevent the disintegration of the family, which would likely result if all the property of the head of it was subject to the creditors' demands. It is a remedial statute, in order, as said by C. J. Whelpley in Bonnel v. Dunn, 29 N. J. Law, 435, 438, "that the families of debtors might not be broken up by creditors, depriving them of all the comforts of life." The family life is the basis of all community life, and the state's exemption is to aid the head of the family to keep it intact, though misfortune overtake him. But, while this is so, the title of as well as the dominion over such exempt property remains with the debtor. The statutory protection is effective only against creditors. It does not prevent the debtor from disposing of it.

These excerpts from the bankruptcy act and the state laws show a legislative intent, first, not to include exempt property in the assets to be administered for the benefit of creditors; and, second, that no exemption can be allowed to bankrupt out of any property which was not owned by him at the time he was adjudicated a bankrupt. The first proposition is removed beyond controversy by Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, where it was held that:

"Under the bankruptcy act of 1898, the title to property of a bankrupt which is generally exempted by the law of the state in which the bankrupt resides remains in the bankrupt, and does not pass to the trustee, and the bankrupt court has no power to administer such property even if the bankrupt has, under a law of the state, waived his exemption in favor of certain of his creditors."

The second, to my mind, embodies the only logical conclusion that can be reached from both the words and reason of the statutes. It is the debtor's property, not another's, that the state law exempts, and it is his, and not another's, that he is to schedule to the bankruptcy court. In re White (D. C.) 109 Fed. 635, 6 Am. Bankr. Rep. 451; In re Coddington (D. C.) 126 Fed. 891, 11 Am. Bankr. Rep. 122.

By the bankrupt's conveyance to one of his creditors of all his property except clothing, he voluntarily gave what under the state statute he could not have been forced to yield. But, when he thus parted with his title, it, so far as he is concerned, was beyond recall. Lokerson v. Stillwell, 13 N. J. Eq. 357; Ruckman v. Conover, 37 N. J. Eq. 583; In re White, supra. The question whether the vendee can maintain the title to so much of the property so conveyed as would have been exempt had it remained in the bankrupt is one in which he has no concern. Perhaps, in view of the evident scheme of the bankruptcy act to administer only that property of the bankrupt which, by the state law, is subject to creditors' claims, and the right of the debtor to dispose of his exempt property, the person obtaining title thereto from the bankrupt, or his assigns, may successfully defend an attack by the trustee as to so much thereof as does not exceed in value the amount exempted, no matter what the purpose or effect of such conveyance. With that question, however, we are not now concerned. Neither such creditor nor his as-

signs have made a claim to such property. The cases as to the right of the bankrupt to obtain exemption out of the property not owned by him at the time of filing his schedule, but which was subsequently recovered by the trustee from the bankrupt's vendees, are conflicting. I have carefully examined all that were submitted to me by counsel, and some others obtained by my own research, and, while some whose conclusions are contrary to those here expressed are no doubt influenced by the decisions of the state courts interpreting the exemption laws of the respective bankrupt's domiciles, yet candor compels the admission that all may not thus be explained, and that some of the decisions are unreconcilable. The conclusions here reached are in harmony with the decisions of this circuit (In re Long [D. C.] 116 Fed. 113, 8 Am. Bankr. Rep. 591; In re Coddington, supra), and are deemed to be the only ones permissible by the laws applicable to the facts of this case.

The referee's dismissal of the bankrupt's petition is sustained.