The opinion of the Court was delivered by
Parsons, C. J.
The question submitted by the case [ * 314 ] is, whether or not the chattels mentioned in the * plaintiff’s writ are by law protected from seizure on execution issued against the plaintiff. The law relied on is the statute of 1805, c. 100., in which it is enacted that, among other articles, the tools of any debtor, necessary for his trade or occupation, shall be exempted from attachment and execution.
The chattels in this case are the wheels of a cart, and part of the gear to be used in moving it with oxen. The case does not state that they were the tools of the plaintiff, necessary for his trade or occupation. Very clearly, the case as stated does not bring the plaintiff within the provisions of the statute; and the defendant must have judgment.
If the Court could presume that the chattels seized were implements of husbandry necessary for the plaintiff in tilling his land, yet the plaintiff must fail; for tools of a man’s trade or occupation do not include the implements of husbandry, used by the husbandman in tilling his farm. For in no correct sense can oxen or horses be considered as husbandry tools; and it would be preposterous to admit that the legislature would extend the protection of the statute to the cart and plough, and their gear, and leave the cattle, without which they would be of no use, to be seized upon execution (a).

 Buckingham vs. Billings, 13 Mass. 82. — Howard vs. Williams, 2 Pick. 80.