## CYRUS PIERCE *vs.* WILLIAM C. GRAY.

Copies of a mortgage of personal property, and of a notice of intention to foreclose the same, attested by the city clerk, are admissible in evidence.

A shovel, pickaxe, dungfork and hoe, used by a debtor in tilling his land, are exempt from attachment, although tilling land is not his principal business.

ACTION OF TORT against a deputy sheriff, for taking by attachment on mesne process against the plaintiff on the 1st of September 1854 an ice plough, six ice hooks, a pair of ice tongs, an ice saw, an iron shovel, a pickaxe, a dungfork and a hoe.

At the trial in the court of common pleas, before *Sanger*, J., the plaintiff introduced evidence tending to show that at the time of the attachment his general business was the ice business, in which he used the four items of property first above named; that he had a small garden in which he was accustomed to work in the summer, and ordinarily used the other articles in and about his garden and stable; that all these articles at the time of the attachment were at the stable, where he kept the horses, carts and tools which he used in the ice business; and he contended that the articles taken were by law exempt from attachment.

The defendant justified under his writ of attachment, and gave in evidence, after due notice to the plaintiff to produce the originals, a paper purporting to be a copy, attested by the city clerk, of a mortgage from the plaintiff and Charles E. Pierce to one Pillsbury, dated November 5th 1853, and including by name the first four articles, and " all the tools of every description used in our ice business," and a similar copy of a notice, dated September 9th 1854, of intention to foreclose the mortgage, with the plaintiff's assent to the foreclosure indorsed thereon. He also gave in evidence a demand in writing by the mortgagee upon the defendant as attaching officer, dated September 2d 1854, the execution of which was not denied. To the admissibility of all these papers, as they were severally offered in their order, and not accompanied by any other proof,

the plaintiff objected; but the court overruled the objection and admitted them in evidence.

The plaintiff did not deny that the first four articles were included in the mortgage. The court instructed the jury that, if the four articles last named were used by the plaintiff in his ice business, and were included in the mortgage, and the mortgage had been duly foreclosed with the assent of the plaintiff, and the property demanded of the defendant by the mortgagee before this action was brought, the plaintiff could not recover for those articles; but if they were not so included, and were tools and implements necessary for carrying on the plaintiff's business, they would be exempt from attachment, and he could recover their value; that if the plaintiff's business, properly so called, was not the ice business, and if said articles were not necessary for carrying on such business, in that case, if they were implements of husbandry used by the plaintiff in tilling his land, they would not be exempt from attachment, and he could not recover.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*R. B. Caverly,* for the plaintiff.

*B. F. Butler,* for the defendant.

THOMAS, J. The copies of the mortgage and of the notice to foreclose, attested by the city clerk, were rightly admitted. *Commonwealth* v. *Chase,* 6 Cush. 248.

The exception to the last of the instructions of the learned judge must be sustained. The shovel, pickaxe, dungfork and hoe are tools, implements to be used by the hand of the laborer. That the business for which they were used was husbandry does not render them the less exempt from attachment.

The case of *Dailey* v. *May,* 5 Mass. 313, was correctly decided upon the facts. The question was, whether the wheels and gearing of an ox cart were exempted from attachment. The court held they were not. They say: " Tools of a man's trade or occupation do not include the implements of husbandry, used by the husbandman in tilling his farm; for in no correct sense can oxen or horses be considered as husbandry tools; and it would be preposterous to admit that the legislature would ex

tend this protection to the cart and plough and their gear, and leave the cattle, without which they would be of no use, to be seized upon execution." The reasoning is certainly sound; but it does not apply to tools to be used by the hand and foot of the laborer, of simple construction, of moderate expense, and all the more necessary, it may be, when the debtor has lost his land, that he may get his bread by tilling the land of others.

In the country, farming or gardening is or ought to be part of every man's business; and the soundest policy, as well as the language of the statute, forbids the taking of any of the tools so necessary to all good husbandry.

The cases of *Buckingham* v. *Billings*, 13 Mass. 82 ; *Howard* v. *Williams*, 2 Pick. 80; *Danforth* v. *Woodward*, 10 Pick. 423, and *Smith* v. *Gibbs*, 6 Gray, 298, do but observe and preserve the distinction between tools as instruments of manual labor, and machinery complicated and expensive.

*Exceptions sustained.*