EDWARD H. MARTIN *vs*. CHARLES R. BUSWELL.

Penobscot.     Opinion July 3, 1911.

*Exemptions. Tools and Implements. Attachment. Common Law Rule. Revised Statutes, chapter 83, section 64, paragraphs 6, 9.*

At common law neither tools necessary for a trade or occupation nor farm implements were exempt from attachment.

Statutes have usually been enacted declaring specifically the articles exempted; but this mode is not always practicable on account of the large number of tools and implements that might be necessary to the execution of a particular trade, and it consequently became necessary to specify by groups or classes some of the exemptions of the debtor.

The statute of exemptions has its foundation in the principles of public policy. It aims to place beyond the reach of creditors sufficient of nearly everything to enable the debtor to obtain a livelihood for himself and family; but beyond this the statute did not intend to go.

It is not intended that a debtor shall be protected in carrying on an extensive trade with a large capital in tools, while his creditors may be suffering for the money justly due them.

A potato planter, sprayer, or digger, mounted on wheels and drawn by animals, is not exempt from attachment, under Revised Statutes, chapter 83, section 64, paragraph 6, as a "tool necessary for the debtor's trade or occupation."

A potato planter, sprayer, or digger, mounted on wheels and drawn by animals, is not exempt from attachment, under Revised Statutes, chapter 83, section 64, paragraph 9, exempting one plow, one cart or truck wagon, or one express wagon, one harrow, one yoke with bows, rings and staples, two chains, and one mowing machine.

On report.     Plaintiff nonsuit.

Action of trespass against the defendant, an officer, for attaching and carrying away as the property of the plaintiff on a writ, one Aspinwall potato planter, one Standard or Rotary potato sprayer and one Hoover potato digger, each of said articles being mounted on wheels and operated by means of horses, mules, oxen or other beasts

of burden. An agreed statement of facts was filed and the case reported to the Law Court for determination with the stipulation as stated in the opinion.

The opinion states the case.

*L. B. Waldron*, for plaintiff.

*W. S. Brown*, and *P. A. Hasty*, for defendant.

SITTING: EMERY, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

SPEAR, J. This is an action of trespass against an officer for attaching three articles of farming husbandry, to wit: One potato planter, one potato sprayer and one potato digger. It is agreed that the plaintiff is a farmer and at the time of the taking of the above articles of property was and had been for many years engaged in farming as his sole business and occupation and that his principal farm crop is that of potatoes; that he plants and harvests each year about twenty-five acres of potatoes; that the articles attached were purchased and used for the purpose of farming husbandry and that they are necessary articles of farm husbandry for the raising of large quantities of potatoes.

"It is agreed that if in the opinion of the court said articles so attached are legally attachable for debt, that the plaintiff is to become nonsuit, but if non-attachable, or exempt property, then defendant is to be defaulted and damages should be assessed at nisi prius."

From the above statement it is obvious that the only question involved is whether the articles in controversy are exempt from attachment.

By the common law neither the tools necessary for a trade or occupation nor the implements employed in farming were exempt from attachment. At a very early day, however, it became clearly evident to law makers and law givers that it was against sound public policy to take from the artisan or the husbandman by attachment the tools or implements by the use of which alone he could perform the services that would enable him to pay his debt or contribute to the support of his family. We therefore find the common

law qualified by statute until at the present time the modification is operative in nearly every common law jurisdiction, exempting from attachment the tools and implements of the artisan or the farmer, necessary for the support of himself and family.

Statutes have usually been enacted declaring specifically the articles exempt but this mode is not always practicable on account of the large number of tools and implements that might be necessary to the execution of a particular trade, and it consequently became necessary to specify by groups or classes some of the exemptions of the debtor. The plaintiff claims statutory exemption.

It is therefore evident that his contention must stand or fall upon the construction of paragraphs 6 and 9 of section 64, chap. 83, R. S., the statutes pertinent to the questions at issue. Paragraph 6, so far as applicable to the case at bar exempts to the debtor, in a group or class, "the tools necessary for his trade or occupation." It cannot be successfully contended that so ponderous and complicated a device as a potato planter, sprayer or digger, is embraced within the phrase "tools necessary for his trade or occupation." While this statute might cover a hoe, a rake, a scythe and other articles of husbandry, essential to the operation of the farm, to the extent of enabling the husbandman to procure a living for himself and family, it was never intended that its meaning should be so expanded as to include the implements or machinery, by means of which the farmer might be able to cultivate the soil beyond the necessities of himself and family, to the extent of a profit it may be of thousands of dollars annually. As bearing upon this conclusion see *Daily* v. *May*, 5 Mass. 313; *Knox* v. *Chadbourne*, 28 Maine, 160.

But in the agreed statement it is said that the articles attached by the defendant "are necessary articles of husbandry for the raising of large quantities of potatoes." The expression "large quantities," being a relative term, might be very indefinite were it not elsewhere specified that the plaintiff harvests about 25 acres of potatoes each year. As before observed the statute of exemptions has its foundation in the principles of public policy. It aims to place beyond the reach of creditors sufficient of nearly everything to enable the debtor

to obtain a livelihood for himself and family, but beyond this the statute did not intend to go. It did not contemplate as "necessary articles" those which enable the cultivation of 25 acres of one crop. We think the true interpretation of the statute of exemptions is to be found in *Buckingham* v. *Billings*, 13 Mass. 85, in which the court say : "It is not intended that he shall be protected in carrying on an extensive trade, with a large capital in tools; while his creditors may be suffering for the money justly due them."

It is evident that the plaintiff cannot recover under a proper interpretation of paragraph 6. The only other statute to which he can advert is paragraph 9. But this paragraph expressly enumerates what articles shall be exempt thereby excluding all others. This enumeration is as follows : "One plow, one cart or truck wagon, or one express wagon, one harrow, one yoke with bows, ring and staples, two chains and one mowing machine." As bearing upon the intention of the legislature it is proper to note that a mowing machine was not considered exempt under either paragraphs 6 or 9, prior to 1867 when it was made exempt by positive statute.

But the mowing machine bears the same relation to the hand scythe that the potato digger does to the hoe. The hand scythe was undoubtedly exempt under paragraph 6 but the mowing machine not. The hoe is also undoubtedly exempt under the same paragraph but the potato digger, planter and sprayer, not. If it is desirable to extend the exemption of the statute to these last named devices, it is our opinion that it should be done by the legislature, not by the court.

In accordance with the above stipulation, the entry must be,

*Plaintiff nonsuit.*